### CLEARY *v.* MUNICIPAL ELECTRIC LIGHT CO.

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

1. RELEASE AND DISCHARGE—PROCUREMENT BY FRAUD.

   A release from liability for personal injury, signed by the injured employe under a statement that it was a mere receipt for wages or gratuity, is no bar to a future action.

2. SAME—MONEY PAID AS GRATUITY.

   In an action by the employe in such case, the rule requiring plaintiff to tender a return of the money received, where he seeks to rescind a contract, does not apply; the money received on such alleged release having been paid, not on the subject-matter of plaintiff's suit, but as a gratuity or wages. *McGlynn* v. *Railroad Co.,* 93 N. Y. 655, and *Dixon* v. *Railroad Co.,* 3 N. E. Rep. 65, 100 N. Y. 170, distinguished.

Appeal from circuit court, Kings county.

Action by John W. Cleary against the Municipal Electric Light Company. From a judgment on a verdict in plaintiff's favor, and from an order denying defendant's motion for a dismissal of the complaint, and for judgment notwithstanding the verdict, and for a new trial, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Robert Payne,* for appellant. *Dailey, Bell & Crane,* (*James D. Bell,* of counsel,) for respondent.

CULLEN, J. This is an appeal from a judgment for the plaintiff, entered on a verdict at circuit. The action was for damages for personal injury, by

employe against employer. But one question has been argued before us on appeal, the effect of a release claimed to have been executed by the plaintiff. All parties agree that when the plaintiff was lying in the hospital, after his injury, he received from the defendant's officers $250, which was placed in a savings bank to his credit. The testimony on behalf of the defendant was to the effect that the money was paid plaintiff to settle the cause of action, and that the plaintiff then executed the general release put in evidence. The plaintiff denied the execution of the release, and also any conversation about the settlement. He testified that the sum was paid him as wages, and that he was asked to sign merely a receipt for wages. The question of fact thus in issue was submitted to the jury under a charge that, if the plaintiff received the money in satisfaction of the claim, or knowingly executed the general release, he could not recover; but if there was no agreement to compromise, and the plaintiff signed the release under the statement that it was a mere receipt for wages or gratuity, it was no bar to the action. It is conceded that the plaintiff never tendered a return of the money paid him. The counsel for the defendant asked the court to charge that, if the plaintiff executed the release, he could not recover. The court refused the request, but charged that, if the plaintiff knowingly executed the release, it would prevent a recovery. It is urged that the refusal to grant such request, and the modification of the request made by the court, was error. It is insisted that, even if the plaintiff could repudiate the release, he was bound first to return the money received. The rule undoubtedly is that, where a party seeks to rescind the contract on the ground of fraud or imposition, he must tender a return of what he has received under it before he can maintain an action at law; and, in an action in equity, he must at least tender a return by his bill of complaint. *Gould* v. *Bank*, 86 N. Y. 75; *Francis* v. *Railroad Co.*, 108 N. Y. 93, 15 N. E. Rep. 192. Therefore, in this case, if the plaintiff had admitted the compromise, or his execution of the release, but claimed that he had been induced to make the compromise by fraud, duress, or imposition, he would have been bound to return the consideration received before he could maintain his action. But that was not the issue in the case. Plaintiff did not seek to avoid the contract of compromise. He denied making any such contract. The fraud here, if any, was not in inducing the plaintiff to enter into the agreement, nor even in falsely reducing to writing the terms of the agreement made; for if the plaintiff's story was correct, the paper signed by him was not to be a contract at all, but only a receipt,—but in stating falsely the contents of the paper. The contract that the plaintiff testified was made between the parties he did not seek to rescind. To the contract upon which the defendant relied, even if executed by plaintiff, it was a sufficient answer that there was no such contract, and that the plaintiff's signature had been obtained by deceit as to the contents of the paper. The rule cited is, therefore, not applicable to the case at bar. There is no necessary inconsistency in the plaintiff retaining the money and still pursuing this action, (assuming, of course, the truth of his story, which the jury had found,) for the money was paid, not on the subject-matter of this suit,—his legal claim,—but as a gratuity, or as wages. We therefore think that there was no error committed in the submission of the case to the jury. Two cases are to be distinguished from the case at bar. In *McGlynn* v. *Railroad Co.*, 93 N. Y. 655, defendant produced a release alleged to have been executed by the plaintiff. Plaintiff admitted the receiving of the money, but denied the agreement to compromise, and also the execution of the release. A recovery by the plaintiff was upheld, though she had never tendered a return of the money paid her. In that case the court charged the jury that, if the plaintiff executed the release, she could not recover. But in that case there was no claim of any misrepresentation as to the contents of the instrument. The simple issue was whether the plaintiff executed it or not, the defendant testifying to the agreement and

the execution of the paper, and the plaintiff denying everything of the kind. In *Dixon* v. *Railroad Co.*, 100 N. Y. 170, 3 N. E. Rep. 65, where the plaintiff recovered despite a release, the plaintiff had tendered a return of the consideration before bringing the action. But there the execution of the release was conceded, and the instrument sought to be avoided by reason of the plaintiff's mental incapacity at the time. So that the question was not what was the contract between the parties, but whether the contract was binding on the plaintiff. Anything that the plaintiff had received he had received under the contract, and, if he repudiated the contract, he had no right to retain the consideration paid him. These two cases clearly differ from the one now before us. The judgment and order denying motion for new trial, appealed from, should be affirmed, with costs. All concur.