ing that the decedent had been ejected from the defendant's car at a dangerous place, while in a helpless condition. In the former case the court stated that no voluntary or conscious act of the decedent could have intervened the ejectment and his death.

In C., I., St. L. & C. R. Co. v. Cooper, 120 Ind. 469, 22 N. E. 340, 6 L. R. A. 241, 16 Am. St. Rep. 334, the defendant's employés knowingly left the intestate helpless upon the railroad track, where he was subsequently killed by one of the defendant's trains. In Wells v. N. Y. C. & H. R. R. R. Co., 25 App. Div. 365, 49 N. Y. Supp. 510, the decedent, one of defendant's passengers, was wrongfully ejected from the defendant's station when mentally irresponsible from illness apparently due to epilepsy, and was permitted to wander upon the tracks in the vicinity of the station, where he was killed by one of the defendant's trains in a manner not disclosed in detail by the opinion or report.

The record in the case at bar does not show any such helpless condition of plaintiff's decedent upon his return to the defendant's station more than an hour prior to the accident.

The judgment and order should be reversed, and a new trial granted. All concur.

---

(78 Misc. Rep. 643.)

BURROUGHS ADDING MACH. CO. v. VAN DEUSEN.

(Supreme Court, Appellate Term, Second Department.   December 20, 1912.)

1. EVIDENCE (§ 429*) — PAROL EVIDENCE — WRITTEN CONTRACTS — SHOWING CONTRACT WAS NOT MADE.

Defendant may show that the instrument, in form of a contract of purchase of a machine by him, was signed by him without reading it or knowing what it was, on the statement of plaintiff's agent that it was an order for a machine to be delivered to him on trial; this not being to vary the terms of a written contract, but to show no contract was made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1969–1971, 1973, 1974; Dec. Dig. § 429.*]

2. APPEAL AND ERROR (§ 262*)—REVIEW—SUBMISSION OF ISSUES—REQUEST—EXCEPTIONS.

There having been no request to submit or exception to the method of submission, one cannot complain that a certain issue was not expressly submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1595; Dec. Dig. § 262.*]

3. TRIAL (§ 277*)—INSTRUCTIONS—EXCEPTIONS.

An exception to a charge is bad, where it assumes a written contract governs the relation of the parties as matter of law, when it is a question of fact whether it does.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 687, 688; Dec. Dig. § 277.*]

4. SALES (§ 52*)—CONTRACT—RATIFICATION—EVIDENCE.

Whether defendant, having signed an instrument in form of a contract of purchase of a machine without reading or knowing what it was, on the statement of plaintiff's agent that it was an order for a machine to be delivered him on trial, ratified it, by receiving the machine after notic-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the provisions of the instrument, is a question of fact, on which evidence that the agent told him its provision did not apply to his case is competent.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

5. APPEAL AND ERROR (§ 262*)—REVIEW—SUBMISSION OF ISSUES—REQUEST.
In the absence of request for submission, failure to submit an issue cannot be urged as ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1595; Dec. Dig. § 262.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Burroughs Adding Machine Company against Clinton Van Deusen. From a judgment for defendant, after a trial by jury, plaintiff appeals. Affirmed.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Philip H. Leifert, of Brooklyn (Charles Trosk, of Brooklyn, of counsel), for appellant.

Hirsh & Newman, of Brooklyn (Benjamin Reass, of New York City, of counsel), for respondent.

BLACKMAR, J. This was an action to recover $475, the price of a Burroughs adding and listing machine.

[1, 2] The defense was that the property was not sold, but was left with the defendant on trial, and that there was a breach of an express covenant of warranty, and a breach of an implied covenant of warranty. The case turns upon the effect to be given to a document introduced in evidence by the plaintiff as the written contract of sale of the machine. This so-called contract contains the statement that it covers all agreements, express and implied, between the undersigned purchaser and the Burroughs Adding Machine Company. The appellant's contention rests entirely upon the failure of the court and jury to give effect to this instrument as the contract between the parties.

The defendant testified: That, after he had refused to purchase the machine without an opportunity of testing it, the agent of the plaintiff said to him:

"You sign an order showing the company that this machine is going into your hands; and if it is all I claim for it, and meets your requirements, you keep it."

That he demurred, and asked why the agent did not do that, and he replied that it would look as if he were trying to get a sample machine for his own use, and then said:

"If you sign the order, then it will show that the machine is going into your hands; and if it does everything we claim for it, and it meets your requirements, you keep it."

The defendant agreed to this, and the agent then called him to his desk, and laid a paper on it, and said:

"Sign that, and we will have to hurry to get to the ball game, if we want to see that first inning."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

So he signed it, without reading it, or knowing what was in it.

It was competent, on this evidence, to find that the defendant did not make a contract to purchase the machine. The situation is not the same as where one, admitting that he signed the contract, asks to have it rescinded for fraud. The real question in this case is whether the defendant ever made the contract. His signature is prima facie evidence that he did; but that evidence may be rebutted. The evidence given on the trial was not to vary the terms of a written contract; but it was offered upon the question whether the contract had been actually made. If the defendant signed the paper without intent to sign a contract of purchase, it is not a contract. Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650; Cleary v. Municipal Electric Light Co., 19 N. Y. Supp. 951,[1] affirmed on opinion below in 139 N. Y. 643, 35 N. E. 206. There might be some question as to whether this issue was expressly submitted to the jury; but in the absence of a request to submit, or of an exception to the method of submission, this cannot avail the appellant.

There was, therefore, enough in the case to justify the jury in finding that there was no contract of sale; and, if so, it was competent for the defendant to show what the real arrangement with the agent of the plaintiff was—i. e., that the machine was left on trial. It was also competent to show that there was an express warranty of the character of the machine.

[3] The only exception which I find to the charge to the jury is the exception to the judge's statement that there was an implied warranty that the machine would be fit and competent to do the work. The justice was undoubtedly right in his general statement of the law. Hoe v. Sanborn, 21 N. Y. 552, 78 Am. Dec. 163. The appellant places his exception on the ground that there was a written contract, excluding any implied warranty; but, as we have seen, the question whether the rights of the parties were governed by this written contract or not was one of fact, to be decided upon the evidence. The exception is bad, because it assumed that the written contract governed the relations of the parties as matter of law.

[4, 5] It has been suggested that as the defendant received this so-called contract before the machine was delivered, and noticed the clause covering all agreements, express and implied, and thereafter accepted the machine, that he thereupon ratified such contract. Whether he ratified the contract, or not, was a question of fact. Upon this question the evidence that the agent told him that such provision did not apply to his case was relevant. The appellant did not request that this issue be submitted to the jury, and cannot urge such a point here as a ground for reversal.

The circumstances show it to be improbable that the defendant, who was then testing adding machines of other makes, should have agreed to buy this machine without a preliminary test; and, on the whole case, I am of the opinion that justice has been done, and that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 621.