WINIFRED V. LYNCH, Respondent, *v.* ALEXANDER H. FIGGE, Appellant.

Second Department, February 21, 1922.

**Husband and wife — breach of promise to marry — defense of general release — plaintiff has burden of establishing that release was fraudulently obtained — charge requested by defendant that burden of proof was on plaintiff to show that general release was fraudulently obtained proper in form and legally correct — plaintiff's assumed reply, she not having served a reply, was one in avoidance — evidence — error to exclude evidence that plaintiff had been guilty of immoralities before she met defendant — verdict against evidence on issue of breach of promise and seduction and on issue of execution of release.**

In an action for breach of promise to marry, the defendant interposed general denials and alleged as a defense a general release. The plaintiff did not reply to the defense of general release, which she admitted signing but claimed in her testimony that it was void because fraudulently obtained. The defendant requested the court to charge as follows: "That the execution of the releases having been admitted by plaintiff, the burden is upon her of proving the facts rendering it void; and/or that she did not understand the effect of it; and/or that it was fraudulently obtained."

*Held*, that the request to charge was proper in form. The word "executed" was used as synonymous with the word "signing" and as thus used was not improper, and it was not wrong to use the conjunctive "and" and the disjunctive "or," since the burden was upon the plaintiff to prove both elements, that is to say, that she did not understand the effect of the alleged release and that it was fraudulently obtained.

The character of the plaintiff's assumed reply to the defense of general release, under section 522 of the Code of Civil Procedure, is to be determined by the evidence offered in support of it. Applying that rule, it must be assumed that the plaintiff's reply did not contain a denial of the execution and delivery of the release but did allege that the execution and delivery thereof was procured by fraud and deceit.

It follows, therefore, that upon the trial of the issues thus formed the burden of proof was on the plaintiff to establish fraud in the execution of the release by a

fair preponderance of the evidence, and, therefore, the said request to charge was legally correct.

It was error to exclude evidence offered by the defendant that the plaintiff had been guilty of immoralities before she met the defendant, since the plaintiff had voluntarily asserted her chastity as a part of her direct case, and such evidence should have been admitted to overcome that assertion.

Said evidence should not have been excluded because the defendant had not mentioned the precise immorality in a bill of particulars of a separate defense in mitigation of damages, since it was admissible upon the main issue introduced as part of plaintiff's case.

The verdict of the jury in favor of the plaintiff was contrary to the evidence upon the main issue of breach of promise and seduction, and also upon the issue as to plaintiff's execution of the release with knowledge of its contents and effect.

BLACKMAR, P. J., and RICH, J., dissent, with opinion.

APPEAL by defendant, Alexander H. Figge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of April, 1921, upon the verdict of a jury, and also from an order, entered in said clerk's office on the 16th day of April, 1921, denying defendant's motion for a new trial made upon the minutes.

*Robert H. Elder* [*Otho S. Bowling* and *Frank W. Harris* with him on the brief], for the appellant.

*Almet F. Jenks* [*Louis Boehm* with him on the brief], for the respondent.

JAYCOX, J.:

In this case the plaintiff alleged a cause of action for breach of promise of marriage. The defendant, with denials, alleged a general release and although the plaintiff did not reply her attitude on the trial was that the release was obtained from her by falsely representing that it was a receipt. The defendant made certain requests that the jury be instructed as to the burden of proof. This gives rise to the question as to the burden of proof in this case. The burden of proof, as the term is used in the controversy here, means upon whom rested the duty of furnishing a preponderance of the evidence in order to be entitled to the jury's verdict upon the issues presented. That plaintiff had the burden of furnishing a preponderance of the evidence as to the promise of the marriage before she was entitled to a verdict in her favor is clear and no question arises as to the propriety of the court's charge in relation thereto. After this evidence was introduced (evidence of the promise of marriage) the burden of going forward with the case was then on the defendant. The release alleged in the answer was produced, the signature of the plaintiff thereto proved, and it was admitted in evidence. The paper unquestionably was a release in form; it was not a receipt. No question arose as to the character of the instrument. With the proof in this condition the defendant would

have been entitled to the direction of a verdict in his favor. Up to that point the defendant had sustained the burden of proof. The plaintiff then attempted to prove that she did not understand the effect of this instrument and that she signed it upon the representation that it was a receipt. She, in effect, said: " It is true I did all the defendant claims I did,— true I executed and delivered a release, but it cannot have effect as a release because it is vitiated by fraud. I was induced to sign it by deceit." There was nothing in this evidence contrary to or contradictory of the defendant's claim that she executed a release. At some time during the trial the defendant submitted to the court in writing certain requests to charge the jury which the court passed upon later. The eleventh request read as follows:

" 11. That the execution of the releases having been admitted by plaintiff, the burden is upon her of proving the facts rendering it void; and/or that she did not understand the effect of it; and/or that it was fraudulently obtained."

This request the court refused to charge except as he had already charged. An exception was duly taken. The court had previously charged that the burden of proving the release was upon the defendant. Therefore, if it can be said he had made any previous charge upon the subject, it was contrary to the request preferred, and if the defendant's request was proper in form and legally correct it was error to refuse it. To sustain this ruling it is argued that the word " executed " was not a correct term to describe what plaintiff admitted and that the word as thus used meant a completed and effective release. I think this cannot be so because one portion of the request would then be contradictory of the other. If from the use of the word " executed " is meant an effective release, then it would not be avoided by plaintiff's lack of knowledge or the deception practiced upon her. The fact that the request contained facts which, if found, would render the instrument void indicates that no such technical meaning should be given to this word. The court was not engaged in writing a text book for lawyers, but was instructing a body of laymen and should address it in language which they would understand and use that language as they would understand it. If he used any term with a technical meaning, it was his duty to explain it. That executing and signing are ordinarily used as synonymous terms, it seems to me, is not open to question. " Executed," giving it its fullest significance, meant " signed, sealed and delivered," and all those acts were admitted. The word " executed " as used in statutes and decisions generally, has the meaning of " signed." (Real Prop. Law, §§ 292, 293, 303.) For proof of this fact I have

only to refer to the opinion of this court upon the former appeal. (194 App. Div. 126.) At page 128 it is stated: " Plaintiff admitted that she executed the general release." When counsel adopts the language of this court it does not become us to criticize it. It is claimed that the conjunctive " and " and the disjunctive " or " both having been used twice, left it to the jury to guess whether the plaintiff had the burden of proving both that she did not understand the effect of the instrument and that it was fraudulently obtained, or only either one. As the plaintiff did have the burden of proving both, this was not error for two very apparent reasons. If no fraudulent representations were made, it made no difference whether the plaintiff understood what the instrument was or not. She could not escape its effect. If she did understand, it made no difference what representations were made to her. Therefore, to escape the effect of this release it was necessary for the plaintiff to prove both that she did not understand its effect and that she was deceived as to its effect. (1 Bigelow Fraud, 521.)

Was the request legally correct? This depends upon whom the burden of proof rested as to plaintiff's contention that her execution and delivery of the release were obtained by fraud. To misrepresent the character of the instrument which the plaintiff signed was fraud. (*Wilcox* v. *American Tel. & Tel. Co.*, 176 N. Y. 115; *Cleary* v. *Municipal Electric Light Co.*, 19 N. Y. Supp. 951; affd., 139 N. Y. 643.) Was the burden upon the defendant to prove fair dealing, or was it upon the plaintiff who alleged fraud to prove it? I have always thought that fraud could not be presumed and that he who alleged it must prove it, and before it could be found it must be proved by a preponderance of the evidence. (1 Bigelow Fraud, 123; Jones Ev. ¶¶ 12, 190, 440; *Smith* v. *Ogilvie*, 127 N. Y. 143; Chamberlayne Ev. 1221, 1222, 1015.) It is urged here that this rule does not apply in this case because the pleadings did not impose that burden upon the plaintiff. No reply was interposed. and it is claimed that her assumed reply, as indicated by the evidence, was not confession and avoidance, but was a traverse. I think it must be assumed from the evidence that plaintiff's defense was not a traverse but was an avoidance. The defendant having set up new matter constituting a defense by way of avoidance, the court might have directed a reply (Code Civ. Proc. § 516), but it did not do so. Under these circumstances the new matter in the answer is deemed controverted by the adverse party by traverse or avoidance, as the case required. (Code Civ. Proc. § 522.) Under these circumstances the character of the plaintiff's assumed reply, so far as necessary, is determined by the evidence offered in support of it. Applying that rule, we must assume that

plaintiff's reply did not contain a denial of the execution and delivery of the release (because she admitted those facts in her testimony), but did allege that the execution and delivery thereof were procured by fraud and deceit. Now, if these pleadings had actually been interposed, this issue as to the release could have been tried separately. (*Warner* v. *Star Co.*, 162 App. Div. 458.) With the pleadings in this condition, upon the trial of the issue thus formed the plaintiff would have had the burden of proof and the right to open and close. This, I think, amounts to a practical demonstration of two things: *First*, that the plaintiff's reply was not a traverse but was an avoidance at law. (16 Am. & Eng. Ency. Pl. & Pr. 548.) *Second*, that the burden of proof was on the plaintiff to establish fraud by a fair preponderance of the evidence. This is also in accordance with the decisions upon the subject. (*Griffith* v. *American Bridge Co.*, 157 App. Div. 264; *Perry* v. *O' Neil & Co.*, 78 Ohio St. 200; *Lynch* v. *Figge*, 194 App. Div. 126, 130.) In *Griffith* v. *American Bridge Co.* (*supra*) Presiding Justice JENKS, speaking for a unanimous court, said: " The court charged properly that upon the question of this release or settlement the burden of proof rests upon the defendant. But when the defendant read in evidence the agreement, whose execution was not denied, the presumption arose that it was valid. (*Blair* v. *Utica & Mohawk Valley R. Co.*, 112 App. Div. 609, 612; *Perry* v. *O' Neil & Co.*, 78 Ohio St. 200.) The principle is well stated in the latter decision as follows: ' The release as a defense does not negative the plaintiff's cause of action, but is a bar to a judgment upon it, and the burden of proof to establish it is upon the defendant; but there is a distinction between the burden of proof and the burden of evidence, or the burden to go forward with the evidence. When the defendant proved or the plaintiff admitted the receipt of the fifteen dollars, her signature to the release and its delivery to the defendant, the defendant had *prima facie* established this defense and the burden was upon the plaintiff, by the weight of the evidence, to prove fraud in the execution of the release.' " That case further holds that the correct measure of proof is proof sufficient to entitle the party claiming fraud to have the instrument reformed in equity. The case of *Perry* v. *O' Neil & Co.* (*supra*), from which Presiding Justice JENKS quoted, was an action brought to recover for personal injuries. The defendant alleged and proved a release. The plaintiff claimed that she was deceived and signed the release because of a representation that it was a receipt. A verdict was rendered in favor of the plaintiff and an appeal taken. The appellate court reversed the judgment upon the ground that it was error for the court to instruct the jury that the burden of proof

was upon the defendant to show that the settlement was made and the release signed and executed by the plaintiff, the plaintiff all the while knowing or being advised at the time of the contents of any written release (p. 208). The opinion above quoted is the opinion of the Supreme Court, affirming the reversal.

Upon the former appeal in this case it was said: " The burden of proof was upon her [the plaintiff] to avoid the otherwise conclusive effect of the settlement and release." For the purpose of this discussion frauds may be divided into two classes: (a) Those frauds which may be called frauds in the inducement — that is, where the party complaining signed the instrument he intended but was induced to do so by some false representation. (b) The other class is where the complaining party has been deceived as to the character of the instrument and has signed it because of this misrepresentation. It is conceded that if the plaintiff in this case had depended upon the character of fraud first mentioned, the burden of proof would have been upon her. That kind of fraud, however, only renders the instrument affected by it voidable, but fraud of the second class is so vicious and pervasive in character as to render instruments procured by means thereof void. (1 Bigelow Fraud, 617.) There seems to be no logical basis for this distinction as to the burden of proof. In fact, a party alleging fraud of the latter class is in much better position to offer proof of it than he is when fraud of the first mentioned character is involved. I think the refusal to charge as requested was error, and advise the reversal of the judgment and the granting of a new trial.

KELLY, J., concurs, and also votes to reverse on grounds stated in a separate memorandum; MANNING, J., concurs in both opinions; JAYCOX, J., concurs with KELLY, J., on the last two grounds stated in the memorandum by KELLY, J.; BLACKMAR, P. J., reads for affirmance, with whom RICH, J., concurs.

KELLY, J.:

I concur to reverse the judgment and order appealed from for error in the charge of the learned trial justice as to the burden of proof in relation to the release and in his refusal to charge the eleventh request. I concur with JAYCOX, J., in his opinion upon that branch of the case. I am also of opinion that the trial justice erred in charging the jury at request of plaintiff's counsel that they were not to draw any inference as to the truth of the facts inquired about (to wit, plaintiff's relations with Doolittle and Dewey) from the refusal of the two parties named to answer questions put to

them concerning such relations upon the alleged ground that the answers might incriminate and degrade them. The defendant excepted to the charge. In view of the other evidence in the case, I think the absence of denial of the charges by the persons named might be considered by the jury. In my opinion it was error to exclude the evidence offered by defendant, that the plaintiff had been guilty of immoralities before she met defendant. Plaintiff had on this trial repeated her voluntary assertion of chastity as a part of her direct case, and for the reasons stated in the opinion upon the former appeal this evidence was admissible under defendant's denial. (*Lynch* v. *Figge*, 194 App. Div. 126.) The evidence was excluded because the defendant had not mentioned this precise immorality in a bill of particulars of a separate defense in mitigation of damages. But the evidence thus excluded was admissible upon the main issue introduced as part of plaintiff's case. I also vote to reverse upon the ground that the verdict for plaintiff is contrary to the evidence upon the main issue of breach of promise of marriage and seduction and also upon the issue as to plaintiff's execution of the release with knowledge of its contents and effect.

MANNING, J., concurs; JAYCOX, J., concurs on the last two grounds stated in the memorandum by KELLY, J.

BLACKMAR, P. J. (dissenting):

I find no error of law which justifies the reversal of the judgment; and the issues of fact are of such a nature that we should acquiesce when the same verdict has been rendered by two juries and two trial justices have refused to interfere.

It may be that if the court had charged the eleventh request the jury would not have been misled. But that is not the question. The question is, whether the request was so accurate and material that the refusal was error which should destroy the judgment. The request was not read to the jury; and as they were ignorant of it, the refusal to charge it could have no influence on them. A refusal to charge a request is not capital error unless the request is accurate in law, plain, unambiguous, and essential to guide the jury in their deliberations.

The request fails in all these requirements. It is not technically accurate, for it recites that plaintiff admitted the execution of the release. The word " execution " presupposes all the elements of a valid release. The plaintiff did not admit the execution; she admitted the signature only. It is not plain and unambiguous, for the jury were left to choose between the disjunctive " or " and the conjunctive " and," both twice repeated. It is also uncertain in its whole scope and meaning. A release is a contract. It involves

the meeting of the minds or the assent of both parties. Without this assent there is no contract. A signature on a writing expressing a contract is strong evidence of assent. Therefore, when defendant produced a writing, in form a release, bearing the plaintiff's admitted signature, he might rest his case. If no other evidence is produced by the plaintiff, legal effect must be given to the writing, and judgment to the defendant. But the plaintiff may show fraud, either in the execution, or in the negotiation or treaty which led to the execution. Fraud in the execution renders the release void. It is cognizable at law as a denial of the assent. Fraud in the negotiation renders the release voidable. It is cognizable in equity only by rescission, accompanied by a return of the consideration. If the signature was obtained by false representations as to the character of the instrument, there was no assent — no contract — no release. If the plaintiff intended to execute the release, and was induced to do so by fraud in the negotiations, the release is valid until set aside. In this case the plaintiff claims that through fraud of the defendant she signed the paper, intending to sign a receipt for $500 given to her to pay bills. She does not confess the release and seek to avoid it by rescission, tendering back the $500. Her claim is, that she never assented to a release. The issue then was, whether there was a contract of release. Upon this issue, presented by his pleadings, the defendant had the burden of proof. When the paper was introduced in evidence from the defendant's custody, bearing plaintiff's admitted signature, it was presumptively valid, as the trial judge correctly charged. The burden of going further with the evidence thereupon passed to the plaintiff, to meet, not overpass, the evidence which the paper furnished. Upon the whole evidence the burden of proof on the issue of the release rested where the pleadings placed it, on the defendant.

The law on the point was not presented with accuracy and precision by the eleventh request. Although I cannot concur in certain statements in the elaborate and learned opinion of my brother JAYCOX, yet I think that the difference between us is not so much in the law (for his quotations from *Griffith* v. *American Bridge Co.*, 157 App. Div. 264, appear to support my view), but rather in the question of the formal accuracy of the eleventh request. (See *Cleary* v. *Municipal Electric Light Co.*, 19 N. Y. Supp. 951, opinion by CULLEN, J.; affd., by the Court of Appeals on such opinion, 139 N. Y. 643.)

Neither do I think that any inference hostile to the plaintiff can be drawn from the refusal to testify, of a witness called by the defendant. In this respect the charge of the court was not error. Nor was it error to hold the defendant to his bill of particulars in

.respect to misconduct of the plaintiff prior to the alleged promise. At the most, this was a question of administration resting in discretion.

The judgment should be affirmed.

RICH, J., concurs.

Judgment and order reversed and new trial granted, costs to abide the event.