Plaintiff sued to recover damages for personal injuries sustained by the negligence of the defendant. Defendant pleaded as a separate defense a release. Without moving for an order directing plaintiff to reply to the new matter (Civil Practice Act, § 274) defendant obtained, under Civil Practice Act (§ 443, par. 2), an order for a separate trial of the issue.
On the trial the court properly ruled, without objection, that this was an affirmative defense. To establish defendant's primafacie case, a purported release, executed by plaintiff, was offered and received in evidence. Plaintiff then testified to facts tending to show that the writing, although in terms a release, was signed by him, not as a release, but, under misrepresentations of the defendant, as a receipt for wages. Defendant called a witness who testified to facts tending to show that the release was given in settlement of plaintiff's claim with full knowledge on his part that he was releasing the defendant from liability. *Page 78 
The court charged the jury, over plaintiff's exception, that the burden of proof was upon the plaintiff to establish that the release was not his act. This was error.
"There is a material and manifest distinction between a meeting of the minds of parties through deceit on the part of one of them, and a writing excusably and justifiably executed by the one which, through the deceit of the other, does not express the agreement of the parties. The distinction has been expressed thus: `Fraud in the factum renders the writing void at law, whereas fraud in the treaty renders it voidable merely.'" (Whipple v. Brown Brothers Company, 225 N.Y. 237, 241.)
The plaintiff did not attempt to rescind a contract induced by fraud. He denied that he had made such a contract. He charged, not that the contract was obtained by fraud, but that the instrument which purported to represent the contract was obtained by fraud. The allegation of new matter in the answer was deemed to be controverted by traverse. "An allegation of new matter in the answer to which a reply is not required * * * is deemed to be controverted by the adverse party, by traverse or avoidance, as the case requires." (Civil Practice Act, § 243; Cleary v.Municipal Electric Light Co., 19 N.Y. Supp. 951; affd., on opinion below, 139 N.Y. 643; Wilcox v. American T. T. Co.,176 N.Y. 115.) The burden of establishing, therefore, unquestionably rested on the defendant (Conkling v.Weatherwax, 181 N.Y. 258, 270), and the jury should have been so instructed. Confession would have met this burden of proof and cast the burden on the plaintiff of avoidance by establishing fraud in the treaty.
The judgments should be reversed and a new trial granted, with costs to abide the event.
HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., not voting.
Judgments reversed, etc. *Page 79