JOHN FARRINGTON, Appellant, *v.* HARLEM SAVINGS BANK, Respondent.

Argued January 10, 1939; decided February 21, 1939.

2

*Joseph B. Kenny, Harry B. Chambers, Harry H. Chambers, Jack Wasserman* and *Samuel H. Henis* for appellant. The release is not binding upon the plaintiff because his signature was obtained and the money paid under a mutual mistake of fact as to the nature and extent of plaintiff's injuries. The parties had no knowledge that plaintiff was suffering from serious and permanent injuries, and there was no intention that plaintiff's claim for such injuries was to be released. (*Landau v. Hertz-Drivurself Stations, Inc.,* 237 App. Div. 141; *Dominicis v. United States Casualty Co.,* 132 App. Div. 553; *Kirchner v. New Home Sewing Machine Co.,* 135 N. Y. 182; *Gold Hunter Mining & Smelting Co. v. Bowden,* 252 Fed. Rep. 388; *Texas & Pacific Ry. Co. v. Dashiell,* 198 U. S. 521; *Shook v. Illinois C. R. Co.,* 115 Fed. Rep. 57; *Rosenblum v. Manufacturers Trust Co.,* 270 N. Y. 79; *Leary v. Geller,* 224 N. Y. 56; *Moses v. Carver,* 254 App. Div. 402; *Great Northern Ry. Co. v. Reid,* 245 Fed. Rep. 86; *Hudgins v. Standard Oil Co.,* 136 Cal. App. 44; *Mix v. Downing,* 176 Minn. 156.) The release was not binding upon the plaintiff because of the fraud of defendant's investigator in misrepresenting that the paper which he asked plaintiff to sign was a receipt. (*Barker v. Conley,* 267 N. Y. 43; *Hutchison v. Ross,* 262 N. Y. 381; *Wilcox v. American Tel. & Tel. Co.,* 176 N. Y. 115; *Cleary v. Municipal Electric Light Co.,* 65 Hun, 621; 139 N. Y. 643; *Lassell v. Mellon,* 219 App. Div. 589; *Outcault Advertising Co. v. Stratton,* 178 App. Div. 353; *Scully v. Brooklyn Heights R. R. Co.,* 155 App. Div. 382; *Yaple v. N. Y., O. & W. Ry. Co.,* 57 App. Div. 265; *Fleming v. Brooklyn Heights R. R. Co.,* 95 App. Div. 110; *Grockie v. Hirshfield,* 50 App. Div. 87.)

*Walter L. Glenney* and *Chauncey L. Grant* for respondent. The release is not avoided by misrepresentation or fraud

and is, therefore, a complete defense. (*Miles* v. *N. Y. C. R. R. Co.*, 195 App. Div. 748; 233 N. Y. 644; *Meginn* v. *Ramsdell*, 163 App. Div. 232.) Even if the plaintiff suffered subsequently from injuries not known when the release was given, the release is a valid defense. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Moses* v. *Carver*, 164 Misc. Rep. 204; 254 App. Div. 402; *Pimpinello* v. *Swift & Co.*, 253 N. Y. 159; *Matter of Stone*, 272 N. Y. 121; *Berry* v. *Struble*, 66 Pac. Rep. [2d] 746; *McIsaac* v. *McMurray*, 77 N. H. 466; *Morris* v. *Seaboard Air Line R. Co.*, 23 Ga. App. 554; *Rideal* v. *Gt. Western R. Co.*, 1 Fost. & F. [Eng.] 706; *Kansas City So. Ry. Co.* v. *Armstrong*, 171 S. W. Rep. 123; *Houston & T. C. R. R. Co.* v. *McCarty*, 94 Tex. 298; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411.)

Hubbs, J. In this action to recover damages for personal injuries growing out of defendant's negligence, the plaintiff's evidence established a *prima facie* case. As a defense a general release was introduced in evidence. It is drawn in the broadest terms and in consideration of the payment of thirty dollars purports to release the defendant from all claims for damages, both present and future. At the close of the evidence the trial court dismissed the complaint upon the ground that the plaintiff was bound by the release. The Appellate Division affirmed, one justice dissenting.

The instrument was drawn and executed four days after the accident. At the time the plaintiff was waiting on customers in a store. He testified that he did not read the instrument and that the claim agent who paid him the thirty dollars stated that the paper was a receipt and that the thirty dollars was to reimburse him for the doctor's bills. The only known injury at the time was a scalp wound and some bruises. Immediately after the injury plaintiff had it dressed by a doctor, who told him to go back to work, which he did. About three weeks later it was discovered that a bone of the left arm had been injured and that he was suffering from a fracture of the humerus. He has lost the use of the arm and the fingers of the left hand are without feeling.

At the time of the alleged settlement neither the claim agent nor the plaintiff knew of any injury except the superficial injuries referred to. No doubt the plaintiff had a perfect right to agree to settle for the injuries which were known and for all other injuries which might result, and such an agreement would be binding upon him no matter how serious the result of the injuries might thereafter turn out to be, provided the agreement was fairly and knowingly made.

The complaint having been dismissed, the question here presented is whether there was any evidence that the plaintiff was induced by fraud or mistake to sign the instrument. We believe there was evidence which required the court to submit that question to the jury. Plaintiff testified that he was busy waiting on customers, that the claim agent laid the paper on a safe and asked him to sign the receipt and that he signed it without reading it; also that the payment of thirty dollars was to pay the doctor's bill. There is other evidence in the case having a bearing upon the question.

The plaintiff was not required to return the thirty dollars received. He was not seeking to rescind a contract on the ground of fraud. He denied that he made the contract. His contention is that there was not to be a contract at all but only a receipt for thirty dollars in payment of the amount of the doctor's bill. That agreement he did not seek to avoid, but the contract relied upon by the defendant he asserts in fact was never made, although it was embodied in the release without the plaintiff's knowledge. (*Cleary* v. *Municipal Electric Light Co.*, 65 Hun, 621, opinion of CULLEN, J., reported in 47 N. Y. St. Repr. 172; S. C., 19 N. Y. Supp. 951; affd., 139 N. Y. 643, on opinion below; *Wilcox* v. *American Tel. & Tel. Co.*, 176 N. Y. 115; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75.)

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.