EUNICE V. TAYLOR, Appellant, *v.* T. WILKINSON RUSSELL, Respondent.

Fourth Department, December 27, 1939.

*Glenn L. Buck*, for the appellant.

*Harry H. Servis*, for the respondent.

SEARS, P. J. The action is for damages for an assault. At the close of all of the evidence the trial justice dismissed the complaint on the ground that the plaintiff had released her cause of action. The plaintiff contends that the release in question was executed by her under such circumstances of duress and fraud that the instrument was without effect. The respondent contends, on the other hand, that the release was not void but, at the most, voidable and that, inasmuch as the plaintiff has failed to return the consideration received by her, she is bound by the instrument.

To understand these contentions, it will be necessary to set out the material facts so far as they bear upon the release.

There is proof that on the 31st day of January, 1936, the defendant assaulted and ravished the plaintiff. In March, 1936, the defendant paid the plaintiff the sum of $200, but what the arrangement between the parties in respect to this payment was is left wholly indefinite. On July 25, 1936, the plaintiff wrote the defendant a letter which contained the following words: " I am writing you for $300 and it will take every penny for doctor. I cannot continue to suffer." On August 14, 1936, the plaintiff wrote defendant a letter containing the following language: " Received your note that you can't comply with my request and have nothing. I will not accept a penny less than $300, as it will take every penny in the condition I am in and must have this in a few days to doctor." On September 15, 1936, the plaintiff wrote the defendant a letter containing this language: " In answer to your note in which you say I have done all the talking, etc. I will need every penny of $300 and if you haven't got the money then you can go to jail where you belong." On October 3, 1936, plaintiff wrote the defendant a letter containing these words, " Just got your note asking for a release. I would rather that you stop in and would like to talk to you." Almost immediately after sending the defendant the foregoing, the plaintiff wrote a letter (but did not send it) dated October 5, 1936, as follows: " Mr. Russell: I wrote your note Saturday in haste and did not think to question what you meant by release. Did you mean what the receipt will read? If so it will read, This is to state I have been paid in full and will make no further efforts to collect, or any way you wish, but you will never need to worry for a minute, it will never be mentioned as long as I live, and hope you are man enough to do the same, and know you are. I thought you might want to know, regardless of whether you stop in or not. Eunice."

No letters of the defendant were produced. The writings were explained to some extent by the testimony of the plaintiff who was called by the defendant as his witness. She testified that all the writings had reference to the assault of January thirty-first, which forms the basis of her action. She also testified that she wrote the letter dated October fifth on the third day of October after she had sent to the defendant the letter dated October third. She postdated it October fifth. On the fifth of October the defendant came to the plaintiff's apartment. The plaintiff handed the defendant the letter dated the fifth, and the defendant said it was no release, and the plaintiff then wrote the following:

" This is to state I have been paid in full and will make no further efforts to collect.

" EUNICE V. TAYLOR."

The occurrences on the evening of the fifth, according to the plaintiff's testimony, were as follows: " He [the defendant] came to the door. I opened it. He came in and he sat down on the davenport and I spoke about the market a couple of words, and he had placed his newspaper on the floor and he said ' I want a receipt for the money.' I went in the bedroom and got a letter I had written, but I had never mailed." Whether or not this letter was that in evidence dated December fifth is uncertain but the letter of December fifth was delivered to the defendant during the interview. The defendant said to plaintiff, " This is not a receipt." He then threw the plaintiff on the davenport and acted as though he was about to attempt again to have intercourse with her. The plaintiff was angry and frightened and the defendant desisted from further attack upon her. The defendant got a pad of paper on which to write. She says she wrote " part ways." The defendant stood over her. Then, she says, she finished it. The defendant tore the sheet with the writing out of the pad and went out. The plaintiff stated that she was afraid of the defendant, " much afraid of him at the time " she " signed that paper." An envelope which the defendant at this interview had left on the floor of plaintiff's room with his newspaper contained $100.

When we consider the letter which the plaintiff dated October fifth, there can be no doubt of her intention to execute a release upon being paid some sum of money which she claims was to have been $300. Comparing the language of the letter of October fifth with the writing which the plaintiff set down in the defendant's presence on that day, it is certain that she understood that she was writing a release. We find no evidence that she did not intend to deliver the release. There is no proof that the defendant dictated to the plaintiff the wording of the release. Her mere statement

that she was "frightened" and "afraid" of the defendant in no way interfered with her pursuing her previously stated intention of executing a document which would release the defendant from any obligation to her for further compensation. We must reject the contention, therefore, that her mind was so overcome by the conduct of the defendant that the instrument which she wrote and signed did not represent her intention at the time. (3 Williston on Contracts, §§ 1622, 1624; Restatement, Contracts, §§ 494, 495. See *Colon & Co. v. East 189th St. Building & Const. Co.*, 141 App. Div. 441; *Farrington v. Harlem Savings Bank*, 280 N. Y. 1; *O. P. R. R. Co. v. Forrest*, 128 id. 83.) There would be justification in the evidence for a finding that the release was only to be delivered on payment of $300 and that only $100 was left with her. That would make the release voidable for fraud as would the duress. It would not make it void. The release was, therefore, binding upon her unless she repudiated it, and to repudiate it, she must return the consideration. (Restatement, Contracts, §§ 480, 481, 499; 3 Williston on Contracts, § 1623, p. 2854.) She did not return the consideration at any time.

We reach the conclusion, therefore, that there was no such fraud or duress as to make the instrument void, and while there was proof sufficient to justify the conclusion that it was voidable the plaintiff failed to return the consideration and remained bound by it.

After the court had announced a determination to dismiss the complaint, the plaintiff, through her counsel, asked for leave to tender back the $100, to amend and ask for a rescission of the release; in other words, to set up an entirely different cause of action. The trial justice acted within the reasonable limits of his discretion in denying this motion.

The judgment and order should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order affirmed, with costs.