Samuel J. Silverman, and Paul, Weiss, Wharton & Garrison, all of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

There can be no doubt that the evidence upon the trial presented a disputed issue as to whether the defendant had in fact copied the plaintiff's music; and that it was not so clearly in the plaintiff's favor that the judge could properly have directed a verdict. It follows that the only question open upon this appeal is the correctness of the charge. Although the plaintiff did not except to any part of it, we have read it with care, and we hold that it fairly presented the questions which the jury had to decide.

Judgment affirmed.

## BROWN v. PENNSYLVANIA R. CO.
### No. 126, Docket 20414.

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1947.

Louis J. Carruthers, of New York City (Ralph E. Hemstreet, of Brooklyn, N. Y., of counsel), for appellant.

Morris A. Wainger, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

796

PER CURIAM.

The appellant contends that a verdict should have been directed in its favor because of a general release executed by the plaintiff in consideration of the payment to him of $170.40. This sum was the amount of wages lost during the period of time he was incapacitated for work by reason of his injuries. He testified that he signed the document without reading it in full, believing it to be a receipt for lost wages because of representations made by the defendant's claim agent. The latter told a different story. Whether the release was procured by misrepresentation presented an issue involving the credibility of contradictory witnesses which was properly submitted to the jury for decision. See Chesapeake & Ohio R. Co. v. Howard, 178 U.S. 153, 167, 20 S.Ct. 880, 44 L.Ed. 1015; Southern Ry. Co. v. Clark, 6 Cir., 233 F. 900; Miles v. Lavender, 9 Cir., 10 F.2d 450; Ricketts v. Pennsylvania R. Co., 2 Cir., 153 F.2d 757; Farrington v. Harlem Savings Bank, 280 N.Y. 1, 19 N.E.2d 657. There was also testimony that the defendant's doctor had not fully informed the plaintiff of the extent of his injuries. See Bonici v. Standard Oil Co., 2 Cir., 103 F.2d 437, 439.

Judgment affirmed.