Hill, P. J.
Defendant appeals from an order made in the two actions brought by respondent against it denying motions to dismiss the complaints under rule 113 of the Rules of Civil Practice. One of the actions is brought to restrain appellant from continuing to use respondent’s picture for trade purposes. The complaint alleged that appellant manufactures, sells and distributes food products, particularly one known as “ Aunt Jemima Ready-Mix Pancake Flour ” and that for a long time in connection therewith “ the defendant knowingly and without the consent of the plaintiff and contrary to the provisions of *160 the Civil Eights Law of the State of New York used and continues to use plaintiff’s picture for advertising and trade purposes in the State of New York and elsewhere in connection with the said business and the defendant used and continues to use plaintiff’s picture upon each package of its flour ”, and that the packages with the picture are widely displayed not only in the State of New York but elsewhere and that by reason thereof “ plaintiff has been and is greatly distressed and humiliated and has been exposed to public ridicule and contempt and has been otherwise greatly injured The other action is to recover damages suffered by respondent on account of the foregoing facts. The answer contains denials and affirmative defenses. Among these it denies that the picture upon the package is a photograph of respondent and alleges that it was first used in 1889 and was registered as a trade mark in the United States Patent Office on April 29, 1890; that she began to work for the appellant in 1937 and in 1941 executed, for a valuable consideration, and delivered to appellant a consent and release in the following form:
“ In consideration of my employment from time to time by The Quaker Oats Company as a demonstrator or model personifying the trade-mark ‘ Aunt Jemima,’ and for $1.00 and other good and valuable considerations, the receipt whereof is hereby acknowledged, I agree as follows:
1. That The Quaker Oats Company shall have the right to take photographs of me, either alone or in company with other persons and objects, which shall be the property of The Quaker Oats Company, and shall have the unlimited right to use said photographs either with or without my name, or with a fictitious name such as ‘ Aunt Jemima,’ in any and all forms and media of advertising and publicity. -
2. I agree that I will not make any use of the name ‘ Aunt Jemima ’ except during my employment by The Quaker Oats Company and then only in such manner as The Quaker Oats Company shall direct.
3. I do hereby release The Quaker Oats Company of and from any and all rights, claims, demands, actions' or suits, including, but not limited to, any liability under any right of privacy or libel laws, which I may or can have against it, its *161 successors, assigns or licensees, on account of any said use or publication of my said photographs.
Julia Parker (Seal)
Julia Parker,
102 Colonie St.,
Albany, 1ST. Y.
Witness:
J. J. Burks.
Date: November 1,1941. Albany Office.”
Upon this motion appellant filed affidavits concerning the execution of the release, and respondent in her affidavit states: “ That sometime in 1941 James J. Burns, a representative of defendant company came to the home of this deponent and requested her to sign a paper. That deponent inquired of said representative the reason for the necessity of such a paper or her signature thereon. That said representative at that time informed her that it was a formality required by the company and that the paper that she was requested to sign was merely for the purpose of protecting the company in the event she were to open up an ‘ Aunt Jemima ’ store and that by signing said paper she would be required to first obtain permission of the company to open any ‘ Aunt Jemima ’ store in the state. Accordingly, your deponent, relying solely upon the statement made by the defendant’s representative, signed said paper.”
The matter as to the release and consent alleged in the answer is deemed to be controverted. (Civ. Prac. Act, § 243). Respondent is not seeking to rescind the agreement which she says appellant’s agent informed her was contained in the document which she signed. She admits signing a paper, but asserts that she made no agreement concerning the subject which appears in the consent and release pleaded by appellant. The issue raised thereby is triable by a jury, and the burden of establishing the making of the agreement and release pleaded in the answer is upon the appellant. (Boxberger v. New York, N. H. & H. R. R. Co., 237 N. Y. 75; Farrington v. Harlem Savings Bank, 280 N. Y. 1, 4; Moses v. Carver, 254 App. Div. 402, and cases there cited.)
The order should be affirmed.