*771 Nolan, P. J., Carswell and MacCrate, JJ., concur; Johnston and Wenzel, JJ., concur in the reversal of the judgment, but dissent as to the granting of a new trial, and vote to grant appellants’ motion for a directed verdict in their favor made at the close of the ease, and to direct judgment accordingly, with the following memorandum: In the statements of November 20,1945, and December 1, 1945, defendant’s insured denied giving his son express permission to drive the car. Defendant contends that those statements constituted lack of co-operation because they' were intentionally false in that they concealed material facts (later disclosed), which might lead a jury to find that insured gave his son implied permission to drive the car at the time of the accident. Plaintiffs claim that, if there was lack of co-operation, the failure to co-operate was waived by the insured making a full and complete statement of all the material facts to defendant on March 18, 1946, pursuant to its demand made after it obtained knowledge of all the facts on March 5,1946. In the statement of March 18, 1946, defendant’s insured still maintained that he refused express permission to his son to drive the car, but disclosed new facts which defendant claims were intentionally concealed from the statements of November 20, 1945, and December 1, 1945, and which defendant claims might lead the jury to find implied permission. Defendant contends that the March 18, 1946, statement was not a waiver because the new facts disclosed in that statement were false. The court submitted to the jury the questions of lack of *772 co-operation and waiver. Plaintiffs appeal from the judgment entered on the verdict in favor of defendant. In our opinion, the charge that the burden of proof was on plaintiffs to prove waiver, and in that respect to prove that the March 18, 1946, statement was true, was on plaintiffs, was correct. Had the case been presented on the theory that defendant claimed that the March 18, 1946, statement was further evidence of lack of co-operation, as the majority claim, then the burden of proving the falsity of the March 18th statement would have been on defendant. (Insurance Law, § 167, subd. 5.) But the case was not presented in that way. Rather the March 18, 1946, statement was presented by plaintiffs as evidence of waiver. Presented in that way, since plaintiffs had the burden of proving waiver, they had the burden of proving the truthfulness of the March 18, 1946, statement. (Lynch v. Figge, 200 App. Div. 92.) However, in our opinion, judgment should be directed in favor of plaintiffs because defendant’s position and the findings of the jury in its favor, based on its contentions, are inconsistent. If the new facts contained in the statement of March 18, 1946, are true, there was, under the charge of the court, to which no exception was taken, a waiver of the prior lack of co-operation. If the new facts contained in the statement of March 18, 1946, are false, then the statements of November 20, 1945, and December 1, 1945, concealed nothing and there was no lack of co-operation. Under either of these situations, there must be judgment for plaintiffs. The other facts contained in the November 20 and December 1, 1945, statements, which defendant claims are false, are with respect to immaterial matters only and would not constitute lack of co-operation. We agree with the majority that the finding of lack of co-operation is against the weight of the evidence, and are further of the opinion that the finding on the issue of waiver is also against the weight of the evidence.