REGINA A. GREEN *vs.* GEORGE TINGLE, JR.

APRIL 3, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of trespass on the case for negligence to recover for personal injuries allegedly received

by the plaintiff when she was struck by an automobile while attempting to cross Broadway in the city of Pawtucket. The action was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $529.50. The case is before us on the defendant's single exception thereto.

The declaration contains four counts, to which defendant filed the general issue and a special plea alleging that plaintiff had released to defendant all rights of action which she had against him. To the special plea plaintiff filed a replication substantially alleging ignorance that the instrument which she signed was a release, that she was led to believe and did believe it to be a receipt, and that she advised defendant of forthcoming doctor's bills which he promised to pay.

Prior to trial the parties filed in open court a stipulation in writing wherein they agreed upon certain essential facts.

From the evidence it appears that on December 17, 1958 at about seven o'clock in the evening the plaintiff, a woman seventy-five years of age, was crossing Broadway at its intersection with Woodbine street in the city of Pawtucket. She was alone and was on the crosswalk walking from the easterly to the westerly side. There was a street light at the corner of the two highways. She stated that there were no cars parked on the easterly side of Broadway when she stepped from the curbing; that she looked up and down the street and saw no cars coming; that she then walked to the middle of the street and at that time saw a car coming from the north; that she stopped to let the car go by; and that while standing there was struck on her left side by a car coming from the south. She was knocked down and her glasses flew off. The driver of the car, defendant herein, and a neighbor assisted her to her home a short distance away on Woodbine street and defendant helped her up the stairs.

The following evening Dr. Blas Moreno saw her and advised her to go to the hospital. She went to Memorial Hospital and remained there about four hours. Examination revealed a compression fracture of the body of the first lumbar vertebra. A week later plaintiff saw Dr. Stanley D. Simon at his office and from time to time until he discharged her on May 27, 1959. His bill at that time was $135.

The defendant testified that he and his wife were driving northerly on Broadway; that because of the slippery condition of the road he was proceeding at about 15 miles per hour; that he first saw a person 25 or 30 feet away in the lane on the right-hand side; that she was out about five feet from a car parked on the easterly side of the highway; that he immediately applied his brakes and turned to his left; and that the car was hardly moving when he struck plaintiff.

The trial justice in his decision found that from the position of plaintiff in the highway the defendant should have seen her and was negligent in not keeping a sharper lookout.

The defendant relies on the case of *Kalify* v. *Udin*, 52 R. I. 191. In that case an elderly woman was attempting to cross Taunton avenue, a highway in East Providence. She wholly failed to look to her right and apparently stepped directly into the path of a machine coming from her right and was struck and killed. In the instant case plaintiff was on a crosswalk and was standing an appreciable time waiting for an automobile from her right to pass when she was struck by a car coming from her left. Generally speaking a pedestrian on a crosswalk has the right of way, G. L. 1956, §31-18-3, but a pedestrian must still be watchful for his own safety. We are of the opinion that the trial justice could properly find that defendant had the last opportunity to avoid the accident; and that from the

uncontradicted testimony of plaintiff and of defendant as to speed and vision, the striking of plaintiff was due to defendant's negligence. *Malfetano* v. *United Electric Rys.*, 58 R. I. 129. We are unable to say that his decision was clearly wrong.

The defendant argues that plaintiff should be barred from recovery because of the release which she executed. After two bills had been left at defendant's home, one a hospital bill and the other for a back brace, he went to his attorney who explained what a release was and prepared one for him to take to plaintiff. A printed form was used such as is sold in stationery stores in Providence, at the top of which was printed "General Release." In form it was a perfect release.

Sometime in January 1959 defendant telephoned plaintiff and asked how she was and the amount of her bills. She answered that she "didn't feel too bad" and said that her bills at that time amounted in the vicinity of $60. The plaintiff said she would accept $75 to cover the bills and defendant asked if it would be all right if he brought a release.

The following evening defendant and his wife called on plaintiff, who was alone. The defendant had two papers, one for the Registry of Motor Vehicles and the release. The plaintiff said that she had already signed a paper for the Registry of Motor Vehicles and then signed the one which defendant had brought. He then handed her the release prepared by his attorney and, as he said, "she looked at it long enough to read it." The defendant gave her a check for $75 and she then signed the release which was witnessed by Mrs. Tingle. While the release handed to plaintiff was a printed form and perfectly clear, it appears that plaintiff was not familiar with a release, that it was not read by her because her glasses were bent and she could not read well with them, and also that she thought she was signing a receipt, as she said, for the check for $75. The defendant

testified that plaintiff afterward sent him some bills which he returned to her.

The trial justice in his decision stated that he thought "the release was not given knowingly by plaintiff, and that by it, she did not lose the action she had against this plaintiff."

After a careful consideration of the evidence we are of the opinion that the trial justice could properly find that the instrument which plaintiff had signed was not a valid release since there was no meeting of minds prior to the signing. 12 Am. Jur., Contracts, §125, p. 618 *et seq.; Dante State Bank* v. *Calenda,* 56 R. I. 68; *Farrington* v. *Harlem Savings Bank,* 280 N. Y. 1. In *Girard* v. *St. Louis Car Wheel Co.,* 123 Mo. 358, at page 368, the court said: "The testimony for plaintiff tends strongly to prove that he was incapable of understanding the release when he signed it, and that he did not comprehend, or intend to assent to its terms. The jury so found in response to instructions. Those facts, when established, destroyed the substance of the agreement which the release in form expressed. They took from the apparent contract what was essential to its legal force and validity, namely, the element of assent by the plaintiff. That element is a necessary part of every contract. Without it, a mere writing, expressing some formula of words, imposes no obligation."

The plaintiff testified that when defendant called she did not hear the word "release" and that "He never said a word about release. He just said he had another paper for me to sign." She also said she first learned what a release was when her lawyer told her; that when she received Dr. Simon's first bill for $65 she sent it to defendant and he sent it back to her; and that she then went to see her attorney.

It does not seem reasonable that plaintiff would sign a release if she understood the meaning of the word, since she had already seen Dr. Simon and knew that she would have further expense. She testified that she told defendant:

" 'You'll be getting a bill from Dr. Simons,' and he said, 'Well, give me his address and telephone number'; so I went and got it from the bedroom * * *."

But we are also of the opinion that defendant was not free from fault for the signing of the release by plaintiff in that he did not explain to her the meaning of the paper he was asking her to sign. The plaintiff was an elderly woman, alone at the time, and a person without business experience. Her glasses were bent making it difficult if not impossible for her to read, particularly fine print.

Under the conditions present when defendant brought the release to plaintiff it was clearly incumbent upon him to explain to her the difference between a receipt and a release. That he did not do. His silence, when he should have spoken, amounted to a misrepresentation of what he was asking plaintiff to sign. 12 Am. Jur., Contracts, §145, p. 637; *Pelletier* v. *Phoenix Mutual Life Ins. Co.*, 49 R. I. 135; *Hearn* v. *Hearn*, 24 R. I. 328. See also *Trambly* v. *Ricard*, 130 Mass. 259; *Whipple* v. *Brown Bros. Co.*, 225 N. Y. 237.

We are of the opinion that the agreement as expressed by the release was void.

The defendant alleges that the plaintiff is barred from requesting avoidance of the release by reason of the fact that she did not return or offer to return the consideration given for it. This defense was not pleaded. However, the defendant has not lost the amount paid since the trial justice, in computing the amount in his decision, took cognizance of the $75 already paid. See also *Farrington* v. *Harlem Savings Bank, supra.*

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

MOTION TO REARGUE.

APRIL 26, 1961.

PER CURIAM. After our opinion in the above case was filed the defendant asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and we are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*John A. DeSano,* for plaintiff.

*Frederic A. Charleson, Donald P. Ryan,* for defendant.