■ JESSIE FLANDORFER et al., Respondents, v. MARY F. WILFORD, Appellant.— In a negligence action to recover damages for personal injuries, for medical expenses, etc., defendant appeals from an order of the Supreme Court, Nassau County, entered December 21, 1964, which denied her motion for judgment dismissing the action on the ground of release (CPLR 3211, subd. [a], par. 5). Order reversed, with $10 costs and disbursements, and motion granted. In April, 1963, plaintiff wife was injured when, riding in a car owned and operated by defendant, the car collided with another automobile. In November, 1963, plaintiffs executed a general release in exchange for $4,391.92 paid on behalf of defendant. In October, 1964, plaintiffs commenced this action to recover damages caused by the collision. In opposition to defendant's motion plaintiffs alleged in substance that, although at the time of the execution of the release plaintiffs and defendant knew that the plaintiff wife had suffered a back injury, the parties were mutually mistaken in the belief that plaintiffs would suffer no further damages because of that injury; and that in April, 1964 plaintiff wife was required to undergo two spinal fusions. No fraud, overreaching or mistake concerning the legal nature of the release was alleged by plaintiffs. In our opinion, defendant's motion for judgment should have been granted (*Viskovich* v. *Walsh-Fuller-Slattery*, 16 A D 2d 67, affd. 13 N Y 2d 1100; *Yehle* v. *New York Cent. R. R. Co.*, 267 App. Div. 301, affd. 295 N. Y. 874; cf., *Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1, 4). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.