MARY BARRY, Appellant, *v.* HARRY LEWIS and Others, Respondents.

Fourth Department, May 15, 1940.

*Leyden E. Brown,* for the appellant.

*Culkin & Amdursky* [*Leonard H. Amdursky* and *Kirke M. White* of counsel], for the respondents Place.

*William M. Gallagher* [*Leonard H. Amdursky* and *Kirke M. White* of counsel], for the respondent Lewis.

CUNNINGHAM, J.   On November 28, 1936, the plaintiff was riding in an automobile operated by the defendant Lewis, who was a deputy sheriff driving a county car, and such automobile collided with one owned by the defendant William Place and operated by the defendant May Kingsbury Place.

The plaintiff seeks to recover damages for personal injuries sustained in such collision and alleges that she sustained fractures of the ribs and an injury to the right side of the chest wall, and that as a result thereof a dormant tubercular condition became active. The defendants as a defense set up a release executed by the plain-

tiff. Pursuant to a stipulation an order was granted directing that a separate trial as to the validity of the release be had at a Trial Term of the Supreme Court without a jury, and that if the court should decide that the release is valid and a bar to the action, the complaint should be dismissed. This issue was tried and the court found in favor of the defendants, holding that the release was valid and that the complaint should be dismissed, and also found that the plaintiff did not receive any consideration for executing and signing the release. The defendants' insurance adjuster, Mr. Benson, who was also an attorney, called at plaintiff's home but she was absent. When plaintiff learned of this visit she had her brother telephone Mr. Lewis and ask him to come to her home. Mr. Lewis came to her house the evening of the same day. Benson says he first talked with Lewis before he saw the plaintiff and informed him that he could not settle the claim for damages to the county car until all the claims, including plaintiff's, had been settled. On January 4, 1937, he saw Lewis again and asked him if he had seen the plaintiff and what her attitude was about a release, and Lewis told him that she would be willing to sign such a document. Benson went to plaintiff's home and saw the plaintiff during the noon hour. She told him that she suffered bruises and was shaken up but that she had not seen a doctor and that she had not lost any time from her work. He then asked her if she would be willing to sign the release in view of the fact that she did not intend to file a claim, and she replied that she would. Lewis says that he told plaintiff to sign the paper for Benson if she was not injured and not making a claim. Benson testified that the plaintiff had the paper in her hand before she signed it, and looked at it. He said he did not know that she had any injuries other than those referred to in her statement and he did know that she did not have a doctor and that she went right to work from the point of the accident.

The court found that unknown to the plaintiff she sustained a fractured rib as a result of the accident; that at the time the plaintiff signed the release she believed and thought her injuries were slight, superficial and temporary and would clear up; that Benson believed that the plaintiff had suffered bruises and had been shaken up and that her injuries were slight, superficial and of a temporary nature; that the first time that the plaintiff knew that she had a fractured rib and tuberculosis was after X-ray examination disclosed the same, in January of 1937.

It is evident that all the plaintiff intended to release were the injuries which she knew about at the time she signed the papers. In the conversation between the plaintiff and Benson the only

injuries discussed were the bruises and it is apparent that both parties believed that those were the only injuries she had received. Both the plaintiff and Benson were mistaken as to the extent of her injuries. That was a mistake of fact. (*Seidman* v. *New York Life Ins. Co.*, 162 Misc. 560; affd., 253 App. Div. 804; 279 N. Y. 620.)

The release which plaintiff signed purported to release liability for not only the known injuries but also for those which were unknown and might thereafter develop. The plaintiff did not know that the release contained such provision and did not knowingly agree to be bound by it. Benson did not intend that the release should cover unknown injuries and a finding of mutual mistake is warranted upon the evidence. However, if Benson did intend that the release should cover unknown injuries, he knew that the plaintiff was unaware of such provision and that she signed the release in ignorance thereof. Under such circumstances it was his duty to tell her that the release contained a clause releasing the defendants from liability for any injuries which might thereafter develop or become known. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.)

The law is well settled that when a release is signed without any intention of the parties to release liability for injuries not known, such release will not be a bar to an action to recover for the unknown injuries. (*Farrington* v. *Harlem Savings Bank*, 280 N. Y. 1; *Landau* v. *Hertz Drivurself Stations, Inc.*, 237 App. Div. 141; *Dominicis* v. *U. S. Casualty Co.*, 132 id. 553; *Harvey* v. *Georgia*, 148 Misc. 633; *Hennessy* v. *King*, 225 App. Div. 152; affd., 252 N. Y. 570; *Seidman* v. *New York Life Ins. Co., supra; Squier* v. *Houghton*, 131 Misc. 129, 134, 135; affd., 225 App. Div. 797.)

The order and judgment should be reversed upon the law and the facts, with costs, and judgment should be granted in favor of the plaintiff, with costs, declaring that the release does not apply to injuries unknown to plaintiff at the time she signed the release and that such release is not a bar to the cause of action set up in the complaint. Certain findings of fact and conclusions of law should be reversed and new findings and conclusions made.

All concur. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

Order and judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff, with costs, declaring that the release does not apply to injuries unknown to plaintiff at the time she signed the release and that such release is not a bar to the cause of action set up in the complaint. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.