CLIFFORD J. PLOOF, Appellant, v. MERLE C. SOMERS, Defendant, and KARL N. FILPUS, Respondent. — Appeal by the plaintiff from the judgment of the Supreme Court, Albany County, entered October 2, 1951, dismissing the complaint after a separate trial before the court and a jury of the issue of release in a negligence action, held pursuant to the order of the court, directing a separate trial of that issue. The plaintiff had suffered severe injuries as a result of a collision between an automobile owned and operated by the defendant Somers and an automobile owned and operated by the defendant Filpus. The defendant Filpus was insured by the Royal Indemnity Company by a policy with limits of $10,000 for injury to any one person and $20,000 for injuries

to two or more. According to the plaintiff's proof, he accepted an offer of $5,000 from the insurance company's agents upon their representation that that was "all there was in it" and that the instrument which he signed was a release only of the insurance company and that it would not prevent him from suing the automobile owners. The release contained a clause inserted at the plaintiff's request that "this will serve to release the above named only and will in no way effect [sic] any claim I may have against any other person or persons". The plaintiff claimed that he understood that the Royal Indemnity Company was the person named as the one being released. According to his proof, the plaintiff could not read without his glasses and his glasses were at the opticians being repaired, and the text of the release was not read to him except for the quoted clause. Upon this proof, there was a question of fact presented which should have been submitted to the jury. The trial court erred in dismissing the case at the close of the proof, upon the ground that there was no proof of any misrepresentation sufficient to create a question of fact for the jury. The additional ground given by the court, that, even if fraud were established, the plaintiff could not recover because of his failure to tender the return of the consideration received for the release, was plainly erroneous (Civ. Prac. Act, § 112-g). Judgment reversed, on the law, and a new trial granted, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.