692

■ MAX FEINGOLD et al., Appellants, v. DORA ELLMAN et al., Defendants, and ARON ELLMAN et al., Respondents. (Action No. 1.) DORA ELLMAN, Individually and on Behalf of Other Stockholders of Temple Management Corp., Respondent, v. ABRAHAM ELLMAN et al., Appellants. (Action No. 2.) — In Action No. 1 for an accounting and for other relief, order dated June 30, 1955, modified by striking from the first ordering paragraph the word " granted " and by substituting therefor the word " denied ". As so modified, order affirmed, with $10 costs and disbursements to appellants, payable by respondent Ormond. In our opinion, the corporate respondent was doing business in this State. Order of June 8, 1955, modified by striking from the first ordering paragraph the word " denied " and by substituting therefor the word " granted "; and by striking from the second ordering paragraph everything following the word " hereby " and by substituting therefor the words " denied, and it is further ". As so modified, order affirmed, with $10 costs and disbursements to appellant Feingold, payable by respondent Ellman. In our opinion, the complaint of appellant Feingold shows legal capacity to sue and sets forth facts sufficient to constitute a cause of action. As a consequence, appellant Feingold is entitled to examine respondent Ellman, as prayed for in the moving papers. In Action No. 2, a derivative stockholder's action, order dated June 8, 1955, granting a motion for an examination before trial of appellant Temple Management Corp., by its president, and the individual appellants, as adverse parties, affirmed, without costs. No opinion. Order dated July 25, 1955, striking out a defense by way of counterclaim on the grounds that a counterclaim may not be properly interposed in the action and that it does not state facts sufficient to constitute a cause of action, affirmed, without costs. No opinion. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

■ WILLIAM FINKE, Appellant, v. IRIS CAB CORP. et al., Defendants, and CATHERINE PRUSSAK et al., Respondents.— Action to recover damages for personal injuries alleged to have been sustained by appellant when respondents' motor vehicle collided with defendants' taxicab, in which appellant was a passenger. The appeals are from an order granting respondents' motion for summary judgment and severing the action against respondents, and from the judgment entered thereon. The motion was made on the ground that the defense of release pleaded by respondents is a complete bar to the action. Order and judgment reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The validity of the release pleaded by respondents was put in issue by appellant's reply. Whether the release was " fairly and knowingly made " is a question for the trier of the facts. (Farrington v. Harlem Sav. Bank, 280 N. Y. 1; Le Francois v. Hobart Coll., 31 N. Y. S. 2d 200, affd. 262 App. Div. 802, affd. 287 N. Y. 638; Barry v. Lewis, 259 App. Div. 496.) The failure to tender the benefits received before commencing the action is not fatal to the complaint. (Civ. Prac. Act, § 112-g; Ploof v. Somers, 282 App. Div. 798; Shontell v. Glens Falls Ins. Co., 282 App. Div. 965; Ciletti v. Union Pacific R. R. Co., 196 F. 2d 50.) In any event, upon argument of the motion herein an offer to return the benefits received was made. MacCrate, Beldock, Murphy and Ughetta, JJ., concur; Wenzel, Acting P. J., dissents and votes to affirm.

■ GALE-OPPENHEIMER, Respondent, v. TIENEY COHEN et al., Appellants.— In an action to recover broker's commissions, the appeal is from a judgment in respondent's favor entered on the verdict of a jury. Judgment unanimously affirmed, with costs. The evidence was sufficient to sustain the findings implict in the verdict that respondent was employed and was to be paid by appellants and had produced a purchaser ready, able and willing to buy on the terms given by appellants. Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.