Goldman, J.
(dissenting). Plaintiff succeeded in voiding his release on the ground that it was executed under a mutual mistake of fact. About 10 days after sustaining an injury to his knee from slipping on a sidewalk plaintiff was visited in his home by an adjuster from defendant’s liability insurance carrier. The adjuster obtained a statement of the facts surrounding the injury, but no settlement was offered. Plaintiff stated that this was because he wanted further advice from the doctor who was treating him. The adjuster claimed that no settlement was offered because the ease appeared to him as one involving no liability.
Several days later, after a friend of the adjuster had interceded in behalf of the plaintiff, the adjuster made another call. On this visit $75, which was total of plaintiff’s out-of-pocket expenses including a week’s salary, was accepted by plaintiff in exchange for his release of claims for all injuries “ known • or unknown, including future developments thereof, in any way growing out of or connected with said accident”. The release was the broadest kind in its terms and left no question as to its scope and finality. There is no evidence that the adjuster was in any way concerned with the extent of plaintiff’s injuries and the record as a whole indicates that the settlement was made to rid the carrier of a “ nuisance ” claim.
The pleadings and record are free of any allegations or showing that the release was secured by the fraud or overreaching on the part of the adjuster. *960 Plaintiff was admittedly aware that he was signing a general release, and though he claims not to have read it he had full opportunity to do so and is consequently hound hy its terms. (See Pimpinello v. Swift & Co., 253 N. Y. 159, 162.)
It is true that plaintiff’s knee injury turned out to be more serious than he thought it would be at the time of executing the release. Rather than a superficial injury, he sustained serious bone damage resulting in permanent stiffness of the knee. Nonetheless, the consequences stemmed from a known injury to a restricted area, viz: plaintiff’s left knee. It is of real significance that at the time of the execution of the release, the plaintiff was still having pain and trouble with his knee, which had persisted since the accident. Accepting all of plaintiff’s testimony as we must, we have here only a unilateral miscalculation of consequences rather than a mutual mistake of fact. This being the case, the release should be given effect. ' “ Otherwise, settlements fairly arrived at and releases voluntarily given become futile and nugatory, to be disregarded whenever the course of events reveals that too much or too little has been paid. * * * Although this may result in hardship in some cases, no other rule will preserve the right of persons of mature judgment to agree in good faith upon the compromise of claims ”. (Mack v. Albee Press, Inc., 263 App. Div. 275, 277—278, affd. 288 N. Y. 623, motion for reargument denied 288 N. Y. 734; see, also, Miles v. New York Cent. R. R. Co., 195 App. Div. 748, appeal dismissed 233 N. Y. 644; Yehle v. New York Cent. R. R. Co., 267 App. Div. 301, affd. 295 N. Y. 874.)
Even if plaintiff’s present condition is not merely the consequence of a known injury, it seems clear that he competently released all of his claims arising out of the accident in question. It neither shocks the conscience nor does violence to public policy to uphold agreements compromising claims for unknown injuries and future developments of known injuries in any way resulting from a defined happening or occurrence. (See Farrington v. Harlem Sav. Bank, 280 N. Y. 1, 4; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182, 188; Lucio v. Curran, 2 N Y 2d 157, 161.) Absent fraud, misrepresentation or overreaching, the agreement, covering as it does claims for unknown injuries, should be respected.
It follows that the judgment should be reversed and the complaint dismissed.
All concur, except Goldman, J., who dissents and votes for reversal in an opinion. Present — MeCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.
Judgment and order affirmed, with costs. (See Barry v. Lewis, 259 App. Div. 496; Brown v. Manshul Bealty Corp., 271 App. Div. 222, affd. after trial 299 N. Y. 618; Le Francois v. Hobart College, 262 App. Div. 802, affd. 287 N. Y. 638.)