JOHN DUCH, Respondent, *v.* VICTOR GIACQUINTO, Appellant.

Third Department, December 5, 1961.

*Mullarkey & Horigan* (*Richard T. Horigan* of counsel), for appellant.

*Donohue & Bohl* (*Howard D. Clayton, Jr.,* of counsel), for respondent.

HERLIHY, J. Appeal from a judgment, resulting from a jury verdict, which set aside a general release in the amount of $300 in a personal injury case and awarded a verdict for plaintiff in the amount of $5,000 for the said personal injuries.

The plaintiff, 88 years old, unable to read or speak the English language, was struck by the automobile of defendant while walking along the curb, the sidewalk being icy, on one of the streets in the City of Amsterdam. The date was February 6, 1960. He was taken to a city hospital where, after a cursory examination, he failed to heed the advice of the doctor to remain in the hospital and left within the hour, insisting that he would cure himself. Two days later, an insurance adjuster for the defendant, accompanied by a neighbor of the plaintiff who spoke his native language, came to the plaintiff's house and discussed the accident, which resulted after some negotiations in a settlement

of $300, a release being signed by the plaintiff and a check for that amount being delivered at that time. He was again attended by a doctor on February 12 who, after examination, found that he was suffering from a partial strangulated hernia and sent him to the hospital where an operation was performed to correct the condition and during which he developed cardiac failure.

The first cause of action of the complaint alleged negligence on the part of the defendant in striking the plaintiff with his automobile; his freedom from negligence and a demand for damages. The evidence at the trial supported the finding of the jury in favor of the plaintiff as to this phase of the case.

The second cause alleged that on February 8, 1960 — two days after the accident — while the plaintiff was disoriented from the effects of the injuries suffered and without knowledge of his injuries, he executed a release for $300. He further contended that none of the parties had any knowledge of the plaintiff's injuries except those which were apparent from observation and that both parties were mistaken as to their nature and full extent.

On this appeal, the defendant contends there was no mutual mistake of fact as to the injuries so as to invalidate the release; that plaintiff was not entitled to recover on the grounds of negligence and certain other procedural aspects.

At the trial the plaintiff testified that at the time of signing the release he was suffering "terrible pain" and "I don't remember anything". When he was returned to the hospital on February 12, the hospital record stated he was suffering a "concussion of the brain" and his doctor testified that the pupils of his eyes being irregular signified "he had some brain disturbance." The doctor further testified that at the time of the plaintiff re-entering the hospital, his examination revealed: "Well, his head was covered with dirt and coagulated blood. He had ecchymosis, that is black eyes — both eyes were black in the upper and infra supraorbital area, that is above and below the eyes. Both eyes were black due to coagulation of blood under the skin. The muscles of his neck were rigid and he complained on motion of the neck and lower back. The pupils of his eyes were unequal and irregular. Then there was discoloration of the right shoulder and arm, and he complained of pain on raising this affected arm. The heart was normal. There were no audible murmurs. The abdomen was distended, the hernia again reoccurred which was easily reduceable at this time, and the entire back and right side of the back and the thigh was discolored I'd say in the area of about twelve to fourteen inches, and he had pain over the end of his spine, over

the coccyxal area and on the left side, that is the gluteal on the upper part, this was discolored."

This being a description of his injuries on February 13, it is a fair inference that the same condition or a more severe condition existed at the time of the signing of the release some five days earlier and tends to corroborate the plaintiff's statement made at the time of signing the release "I don't remember anything". It is evident that the consideration for the release was entirely inadequate and tends to support the plaintiff's claim of mutual mistake. (*Landau* v. *Hertz Drivurself Stations,* 237 App. Div. 141, 144; *Barry* v. *Lewis,* 259 App. Div. 496, 498.)

The enumeration of the injuries should reasonably suggest that either a report by the plaintiff's physician or a physical examination by a doctor of the defendant's choice would normally be required to establish the fair basis for a settlement made so soon after the incurring of the injuries. The picture at the time of the settlement presented an old, illiterate person, suffering from a multitude of bruises, ecchymosis, limitation of motion of his extremities, a painful back injury, together with discolorations on numerous parts of his body. Such circumstances put the representative of the defendant on notice that the plaintiff was in no physical or mental condition to properly appraise the present or future nature and extent of such injuries for settlement purposes. At the time of the settlement, two days after the accident, except for the apparent injuries, neither party had any *information or an opportunity to know* as to the severity of the injuries and the verdict of the jury in setting aside the release was justified under the circumstances. (*Brown* v. *Manshul Realty Corp.,* 271 App. Div. 222.)

In *Farrington* v. *Harlem Sav. Bank* (280 N. Y. 1, 4) the court said: "At the time of the alleged settlement neither the claim agent nor the plaintiff knew of any injury except the superficial injuries referred to. No doubt the plaintiff had a perfect right to agree to settle for the injuries which were known and for all other injuries which might result, and such an agreement would be binding upon him no matter how serious the result of the injuries might thereafter turn out to be, provided the agreement was fairly and knowingly made."

In the case before us the jury could properly have found that the agreement was not fairly and knowingly made. The facts herein are distinguishable from *Yehle* v. *New York Cent. R. R. Co.* (267 App. Div. 301, affd. 295 N. Y. 874) where a substantial sum of money was paid in return for the release and it was

further evident that at the time of the execution of the release, *both parties had ample opportunity to fairly and knowingly appraise the plaintiff's condition.* The accident happened on April 19, 1940 and the release was executed on September 9, 1940. Like opportunity did not exist in this case.

We are further satisfied that the charge of the court was proper and after innumerable requests to charge by counsel for both parties hereto, if there were error on the part of the court, it was not of such a substantial nature as to require a reversal.

The defendant alleges certain procedural errors on the part of the court as to the reasonable opportunity for a physical examination ruling made during the trial, the granting of a preference and a refusal to try the issues separately.

We find no fair basis for any claim of error as to the opportunity for a physical examination. It is apparent that such an examination was warranted at the time the defendant's representative called on the plaintiff two days after the accident and could have been had any time subsequent thereto, particularly after the institution of the action with which we are concerned, and the fact that it was not held until shortly before the trial cannot be solely chargeable to the plaintiff. As to the various rulings made by the court during the trial, we find no basis sufficient to justify a new trial.

There is no order in the record which granted a preference from which an appeal might be properly taken but to the contrary, it appears it was the last case on the calendar ready for trial at that particular term of court.

As to the trial of the negligence action and setting aside the release, whether there shall be a severance is within the discretion of the trial court. (Civ. Prac. Act, § 443, subd. 3.) It could certainly be found in this case that it would be an undue hardship to expect the plaintiff, 88 years of age and suffering from the aftermath of the numerous injuries mentioned herein, to undergo two separate trials and we accordingly find no abuse of discretion on the part of the trial court.

A reading of the record discloses that the defendant had a fair trial and he should not now be heard to complain because the verdict was favorable to the plaintiff.

BERGAN, P. J., COON, GIBSON and TAYLOR, JJ., concur.

Judgment and order affirmed, with costs.