OPINION OF THE COURT
Charles H. Cohen, J.
In this action to recover damages for personal injuries arising out of an automobile accident which took place on March 6, 1981, brought by plaintiff Carol Van Rossum DeCosta (and for loss of services and medical expenses brought by her husband, Jocelyn DeCosta) defendants interposed a fourth affirmative defense alleging “settlement, payment and release.”
Plaintiffs made a motion for an order striking that defense. The court, characterizing the motion as one for summary judgment — the notice of motion not having specified the grounds for the motion as required by CPLR 2214 (subd [a]) — denied the motion finding “that a substantial question of fact exists.” Plaintiffs’ motion to reargue this motion was denied.
Subsequently, all parties entered into a stipulation to the effect that “the issues of law and fact” presented in plaintiffs’ original motion “shall be adjudicated by the court.” The court then recalled its prior decision and declared: “Despite the stipulation by both parties, the Court is still of the opinion that there is a substantial question of *315 fact as to the intent and understanding of the parties at the time of the execution of the release. Plaintiff claims a mutual mistake of fact as to the nature and existence of her injuries, and it is apparent that the questions of fact are not adequately resolved on the papers submitted. However, it appears that both parties are anxious to resolve this issue at this stage of litigation, and therefore, on the Court’s own motion, the prior decision herein is recalled, and the Court herewith directs that a hearing shall be held to determine the issues presented on this motion, in Special Term Part I.” Thus, the issue created by the affirmative defense of release is to be tried separately before the court prior to the trial of any other issues (see Viskovich u Walsh-Fuller-Slattery, 16 AD2d 67, 68, affd 13 NY2d 1100; Burton v Niagara Mohawk Power Corp., 280 App Div 356; Hughes v New York Cent. R.R. Co., 278 App Div 885).
That hearing was referred to the undersigned. At that hearing neither side presented any witnesses or evidence. Both sides stated, on the record, that there are no issues of fact, but only a question of law and asked the court to decide the motion on the basis of the papers submitted. If the court can decide the matter on these papers, it will do so, following the procedural course charted by. the parties (Cullen v Naples, 31 NY2d 818, 820; Stevenson v News Syndicate Co., 302 NY 81).
On March 6, 1981, a motor vehicle owned and operated by plaintiff Carol Van Rossum DeCosta was in a collision with a motor vehicle owned by defendant Catherine Grady, and operated by defendant Alton Williams, as a consequence of defendants’ car going through a stop sign at the intersection of Rogers Avenue and Sullivan Place, Brooklyn, New York.
This plaintiff’s motor vehicle was damaged in this accident. She also apparently injured the top of her head and was dazed. She went to Kings County Hospital Clinic on March 9,1981 where she was advised to have bed rest and to take Tylenol. She received no other hospital or medical treatment immediately following the accident.
GEICO was the defendants’ insurance carrier, and a few days after the accident plaintiff Carol went to a GEICO *316 drive-in inspection station. Although her property damage estimate was $1,100, GEICO’s estimate was $775.75. She immediately agreed to a settlement in that amount of $775.75.
Later, on March 26,1981, she signed the printed form of release GEICO sent her. She returned it to GEICO and received a check for $775.75. The release recited the payment of $775.75 and released GEICO, Alton Williams and Catherine Grady
“from any and every claim, demand, right or cause of action, of whatever kind or nature, on account of or in any way growing out of any and all personal injuries and consequences thereof, including, but not limited to, all causes of action preserved by the wrongful death statute applicable, any loss of services and consortium, any injuries which may exist but which at this time are unknown and unanticipated and which may develop at some time in the future, all unforeseen developments arising from known injuries, and any and all property damage resulting or to result from an accident that occurred on or about the 6 day of March 1981, at or near Rogers Ave & Sullivan Place Bklyn NY, and especially all liability arising out of said accident including, but not limited to, all liability for contribution and/or indemnity.
“as a further consideration for the making of said SETTLEMENT AND PAYMENT, IT IS EXPRESSLY WARRANTED AND agreed:
“(1) That I/we understand fully that this is a final settlement disposition of the disputes both as to the legal liability for said accident, casualty, or event and as to the nature and extent of this injury, illness, disease, and/or damage which I/we have sustained”. The release further stated: “That no promise, agreement, statement or representation not herein suppressed has been made to or relied upon by me/us and this release contains the entire agreement between the parties.” The release was signed by plaintiff Carol, not on the signature line of the form but on a witness line. There is a notarial acknowledgment that she executed the release.
Subsequently, on August 3, 1981, during a routine dental examination made by Dr. Jesse Lev, plaintiff Carol *317 learned for the first time that she was suffering from an abnormal condition of her jaw described, at least in part, as “posterior displacement and subluxation of the right joint and anterior and inferior displacement with subluxation evident of the left joint.” Dr. Lev attributes this condition to the accident of March 6, 1981.
Thereafter, plaintiffs for the first time consulted an attorney and then brought this action.
Plaintiffs in this case seek to avoid the effect of the release which, by its terms, broadly releases all claims for “personal injuries and consequences thereof, including * * * any injuries which may exist but which at this time are unknown and unanticipated and which may develop at some time in the future, (and) all unforeseen developments arising from known injuries.” Indeed, this broad language on the GEICO form literally covers the very situation presented here where plaintiffs claim that when the release was signed plaintiff Carol had no knowledge that she had suffered the injuries for which she seeks damages in this action.
Plaintiffs claim that there was a mutual mistake of fact in that neither plaintiff Carol nor defendants, represented by GEICO, knew of the existence of these injuries. In view of this mutual mistake, plaintiffs contend that despite the broad language of the release, it should be limited to cover the property damage only.
Since release is an affirmative defense which must be pleaded by the party asserting it (CPLR 3018, subd [b]), the ultimate burden of providing the defense rests on the defendants, the parties asserting it (Fleming v Ponziani, 24 NY2d 105; Boxberger v New York, New Haven & Hartford R.R. Co., 237 NY 75, 78; see, also, Manion v Pan Amer. World Airways, 55 NY2d 398,405). However, the burden of persuasion is upon plaintiff Carol “to establish that the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake, or otherwise does not represent the intent of the parties.” (Mangini v McClurg, 24 NY2d 556, 563.)[1]
*318 In order to determine the intent of the parties at the time the settlement was made and the release executed, the court, in accordance with agreement made by the attorneys for the parties, has carefully examined the papers submitted. Plaintiff Carol states in her affidavit that at the time the $775.75 settlement was made it was intended only to settle the property damage claimed. The affidavit of Ann Joyce (who describes herself as the GEICO “claims examiner in charge of initial negotiations and handling of the claim of the plaintiff, Carol Van Rossum DeCosta”), submitted on behalf of defendants, actually confirms what plaintiff Carol states.[2] After declaring that the release “was intended to be in total settlement of her claim,” Joyce goes on and states, with respect to the release and plaintiff Carol, “At the time it was sent, she indicated that she had lost no time from work and had only minor headaches as an injury. The only damage should [sic] could claim at the time was the property damage which was paid in the release. At the time the release was sent to her to sign, the plaintiff indicated that she had no injuries and it was thought that the entire matter would be settled on the basis of the property damage as the only damage sustained by her.”
Accordingly, it is clear that despite the broad language found in the release, the intention on both sides was to settle only the property damage claim.
Aside from the fact that defendants paid the sum of $775.75, the exact amount of what they, through GEICO, asserted was the amount of the property damage, Joyce specifically confirmed that by declaring that the entire matter was “settled on the basis of the property damage as the only damage sustained”. As stated in Mangini v McClurg (supra, p 564): “A mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release (Brown v. Manshul Realty Corp., 271 App. Div. 222, affd. 299 N. Y. 618).” It is obvious that *319 both sides mistakenly believed that plaintiff Carol suffered no significant personal injuries.
It is true that it was believed that she had “minor headaches” but the injury for which she now seeks recovery cannot merely be characterized as a sequela of a known injury. It was simply thought by both sides, a few days after the accident, when the $775.75 settlement was agreed upon at a GEICO motor vehicle drive-in inspection station, as well as 20 days after the accident, when the release was executed, that plaintiff Carol suffered no real personal injuries. The injury to the jaw for which plaintiff Carol has brought this present action was clearly unknown and not within the contemplation of the parties when the settlement, in the relatively small amount of $775.75, was made and the release was executed and delivered. The mere fact that plaintiff Carol had had headaches cannot be regarded as notice of an injury to the jaw. As stated in Mangini v McClurg (24 NY2d 556, 565, supra): “Even where a releasor has knowledge of the causative trauma, it has been held that there must be actual knowledge of the injury. Knowledge of injury to an area of the body cannot cover injury of a different type and gravity.” (See, also, Rill v Darling, 21 AD2d 955; Duch v Giacquinto, 15 AD2d 20; Castenada v Ruderman, 48 Misc 2d 321, affd 26 AD2d 907, affd 19 NY2d 1006.)
There is no indication whatsoever that there was doubtful liability on the part of plaintiff Carol so that she had agreed to take anything she could get in settlement of all claims. Quite the contrary, the only evidence presented as to liability was that the motor vehicle of the defendants ran through a stop sign. It is very significant that GEICO had agreed on behalf of defendants to pay in settlement the exact amount which it had determined was the property damage suffered by plaintiff Carol and that this agreement was even made at GEICO’s drive-in inspection station to which plaintiff Carol had driven her car for inspection by GEICO. Moreover, if personal injuries were being considered, it would have been the usual practice to have asked for a release from her husband releasing his derivative claim for loss of services and medical expenses.
*320 Considering all of these factors, and noting that the settlement was agreed upon only a few days after the accident and the release, on a form prepared by GEICO, was executed and delivered only 20 days after the accident (see Duch v Giacquinto, supra), and that plaintiffs were not then represented by counsel (Viskovich v Walsh-FullerSlattery, 16 AD2d 67, supra), the court concludes that there was a mutual mistake. Despite the broad language of the release, it was intended that it be limited to the property damage. As stated in Cahill v Regan (5 NY2d 292, 299): “Although the effect of a general release, in the absence of fraud or mutual mistake, cannot be limited or curtailed (see Lucio v. Curran, 2 N Y 2d 157, 161; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182, 188), its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of.” (See, also, Cordaro v Lusardi, 354 F Supp 1147, affd 513 F2d 624.)
Accordingly, plaintiffs’ motion for an order striking the fourth affirmative defense is granted.

. While plaintiffs make a point of the fact that plaintiff Carol signed the release on *318 the witness line rather than on the signature line, plaintiff Carol does not question the fact that she intended to sign a release. Accordingly, the form of release, signed and acknowledged by plaintiff Carol before a notary, wás “valid on its face and properly executed.”

. It is apparently for this reason that both sides could agree, as they did, that there are no issues of fact.