■ MAR CO. EXPORT, INC., et al., Respondents-Appellants, v BANCO DE SANTANDER — PUERTO RICO et al., Respondents, and JAMES L. BERENTHAL, Appellant-Respondent. — Judgment, Supreme Court, New York County (Fraiman, J.), entered January 20, 1983, which, *inter alia,* after a nonjury trial, awarded plaintiffs $7,000, with interest, on their seventh cause of action against defendant Berenthal and dismissed said defendant's counterclaim, modified, on the law, without costs or disbursements, to dismiss the seventh cause of action and except as thus modified, affirmed. This action has its origins in a February, 1979 calling, as a result of plaintiffs' alleged kiting of checks, of certain loans made by the defendant banks to plaintiffs. Defendant Berenthal apparently represented plaintiffs in, *inter alia,* obtaining these loans. After two weeks of negotiations, at which all parties were represented by counsel, a settlement with respect to the loans was reached, pursuant to which confessions of judgment were executed and mutual releases exchanged. Defendant Berenthal was included as a party released in the general release executed by plaintiffs and he, in turn, executed a general release in plaintiffs' favor. As part of the settlement, the defendant banks' loans to plaintiffs were extended. In April of 1979 plaintiffs defaulted on the loans, whereupon the defendant banks filed the previously executed confessions of judgments and seized certain assets of plaintiffs. Between the February, 1979 settlement of their differences and the April, 1979 loan default, plaintiffs issued at least several dozen bad checks to creditors. Plaintiffs then commenced this action, asserting seven causes of action. The first six relate to the loan transaction and seek an accounting of the seized assets, damages for the conversion thereof, rescission of the releases, damages for loss of business and good will, and damage to the individual plaintiff for loss of stock value. The sixth cause of action was against defendant Berenthal for the return of $15,000 in legal fees previously paid him. The seventh cause of action sought to recover $7,000, representing the reasonable value of certain unspecified goods and merchandise delivered to him by plaintiffs. Among the counterclaims asserted was a third counterclaim, interposed by defendant Berenthal only, for legal fees due him by plaintiffs. After a nonjury trial, Trial Term dismissed the complaint, except for the accounting cause of action which it referred to a referee, and the seventh cause of action seeking the reasonable value of goods sold and delivered to defendant Berenthal, as to which it directed the entry of judgment in plaintiffs' favor. The counterclaims were also dismissed. It is undisputed that the seventh cause of action for goods sold and delivered arose in or about November, 1978, three months before plaintiffs executed, in defendant Berenthal's favor, a general release, the validity of which was upheld by Trial Term's dismissal of the third cause seeking to rescind the same. In dismissing the rescission cause of action Trial Term rejected plaintiffs' claim of economic duress, a determination with which we agree. Since the general release barred assertion of the seventh cause of action, which alleged a prerelease claim, it should likewise have been dismissed. The mutual releases executed by the parties to this action in February, 1979 were the standard form of general releases. The language employed was clear and all inclusive. In no way was the application of the release executed by plaintiffs restricted to any particular claim. Nor does the release contain any recital modifying the standard printed language contained

therein. As already noted, all parties were represented by counsel. A release in general terms executed as part of the settlement and discontinuance of litigation covers not only the claims involved in the litigation but also those which could have been so litigated. (*Lucio v Curran,* 2 NY2d 157, 161-162; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 5.) Nor can there be any question that plaintiffs had a mistaken belief as to the existence of a claim for goods sold and delivered at the time they executed the general release (see, e.g., *Mangini v McClurg,* 24 NY2d 556), since plaintiff Moreno testified at trial that defendant Berenthal had given worthless checks in payment of the goods sold to him even before he submitted his bill for legal services in December of 1978. Thus, it is clear that plaintiffs were well aware of the claim for goods sold and delivered at the time the general releases were executed. Finally, we note that the third counterclaim for the unpaid balance of the services rendered by defendant Berenthal to plaintiffs was properly dismissed since it too was barred by the exchange of general releases in February, 1979. Concur — Murphy, P. J., Sandler, Sullivan, Carro and Asch, JJ.