■ ANTHONY CORTINO, Appellant, v LONDON TERRACE GARDENS et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 11, 1989, which granted the motion of defendants to amend their answer to include a defense of prior release and granted defendants' motion for summary judgment based on said release, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for property damage and emotional distress caused by the flooding of his apartment. Defendant thereafter commenced a non-payment proceeding in New York City Civil Court Housing Part, and plaintiff answered and interposed a counterclaim alleging breach of the warranty of habitability. Settlement negotiations followed. A stipulation was thereafter executed which provided plaintiff with a different apartment, a reduction in rent, and further provided mutual general releases for all pending and future claims. Defendants thereafter moved to amend their answer in the Supreme Court action to assert the affirmative defense of release. Plaintiff opposed, contending

that there was no intent to settle the Supreme Court action in conjunction with the Civil Court action. The court granted the motion to amend the answer, and, finding the language of the release to be broad enough to cover the claims asserted in the Supreme Court action, granted summary judgment dismissing the complaint. We agree.

A party who enters into a plain and unambiguous contract cannot avoid it by stating that he erred in understanding its terms. Relief from a release may not be granted on the basis of vague or conclusory allegations of error *(see, Touloumis v Chalem,* 156 AD2d 230). A court can modify or void a release as to a particular claim only where there is evidence that the written release does not represent the intent of the parties such as where there is a mistake as to the extent of damages sustained *(DeCosta v Williams,* 119 Misc 2d 314), or where there are specific exclusions or limitations in the release demonstrating an intent to limit its effect *(Herman v Malamed,* 110 AD2d 575). As the stipulation was not a standard preprinted form and the parties were represented by counsel, the release was clearly the product of careful bargaining *(Mar Co. Export v Banco De Santander-Puerto Rico,* 99 AD2d 403). Nor is there a showing to justify the allegations of inequitable conduct by presentation of clear and convincing evidence of fraud coupled with unilateral mistake *(Ogdensburg Bldg. Supply Co. v Lumber Mut. Ins. Co.,* 102 AD2d 960). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.