■ JACQUELINE S. et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. ROBERT MORGENTHAU, Nonparty Respondent.—Order, Supreme Court, New York County (Joan B. Lobis, J.), entered October 3, 1991, to the extent that it denied defendant Housing Authority's motion for summary judgment, unanimously reversed, on the law, the motion is granted, and the complaint is dismissed as against that defendant, without costs. The Clerk is directed to enter judgment dismissing the complaint as to defendant-appellant. Appeal from the order of the same

court and entry date, which denied said defendant's motion to unseal for inspection certain records in a related criminal proceeding, unanimously dismissed as academic.

Plaintiffs reside in the Wagner Houses development in Harlem. On a September afternoon in 1988, the infant plaintiff, 14-years old, was allegedly taken by force to the roof of her building and sexually assaulted by an intruder who had followed her into the lobby. Two and a half months later, plaintiffs commenced this $2.5 million damage action, alleging negligence for failure to provide adequate building security, specifically in failing to install and maintain adequate locks on the lobby entrance doors. Eleven months after the assault, a suspect was arrested on the infant plaintiff's identification, but no indictment was returned, and the Grand Jury record was ordered sealed.

For buildings such as this, constructed prior to 1968, the law requires installation of self-closing and self-locking doors only where a majority of the tenants have requested such installation in writing (Multiple Dwelling Law § 50-a [3]). In fact, a referendum conducted by the Tenants' Association at Wagner Houses rejected such installation barely three months prior to the assault, thus relieving the Housing Authority of any statutory responsibility.

The complaint here alleged failure to maintain existing doors and locks in proper repair, although the evidence was simply that the lobby doors were never locked. A landlord does have a common law duty to provide security to its tenants. However, that duty rests upon the foreseeability of the particular danger which proximately causes the harm (*Miller v State of New York,* 62 NY2d 506). A Housing Authority police officer did testify as to her responding to calls on forcible rapes and robberies at the Wagner Houses prior to this occasion, but could recall no specific instance at this particular apartment building. The Housing Authority is not an insurer of plaintiff's safety (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). Without experiential evidence indicating the reasonable foreseeability of such a danger, a landlord's duty, under common law standards, will require only " 'minimal' " safety precautions (*Tarter v Schildkraut,* 151 AD2d 414, 415, *lv denied* 74 NY2d 616). If the tenants themselves saw no need to require the landlord, by a simple majority vote, to install locks on the entrance doors, common law will not impose any greater burden on the landlord.

Our disposition on the summary judgment aspect of this appeal renders academic the Housing Authority's request to

review the Grand Jury proceedings concerning the alleged criminal assailant. Concur—Carro, J. P., Milonas, Wallach, Ross and Rubin, JJ.