■ ANTONIA DEAN, Respondent, v NEW YORK CITY HOUSING

AUTHORITY, Appellant. MICHELLE CUSIMANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. MYRNA HUAMANI et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. MILAGROS TORRES, Individually and as Mother and Natural Guardian of CARMEN GUERRA, an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [595 NYS2d 407] —Orders, Supreme Court, Bronx County, entered on or about September 14, 1992 (Alan Saks, J.), and on or about October 8, 1992 (Howard Silver, J.), which denied defendant's motions for summary judgment, unanimously affirmed, without costs.

Taking into consideration that between May and June 1986, at least five tenants of defendant's housing project were raped by the same individual who was not a tenant of the project, numerous issues of fact exist, including what precautions, if any, were taken by defendant in its proprietary capacity to protect its tenants from the reasonably foreseeable criminal acts of outsiders (see, Miller v State of New York, 62 NY2d 506). These include whether self-closing and self-locking doors were installed on the subject entrance doors prior to the 1986 rapes, and, if so, whether defendant unreasonably failed to keep the doors in proper repair.

Contrary to defendant's argument, the fact that some six years after these rape incidents a majority of the tenants failed to approve, in a referendum, installation of self-closing and self-locking doors in these pre-1968 buildings (see, Multiple Dwelling Law § 50-a [3]) does not mean that defendant had no common-law duty, as of 1986, to provide security to its tenants (cf., Jacqueline S. v City of New York, 182 AD2d 514).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.