■ MARY M. KOSTER, Respondent, v KETCHUM COMMUNICATIONS, Appellant. [611 NYS2d 298] —In an action to recover damages for age discrimination, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered May 27, 1992, which denied its motion to dismiss the plaintiff's first cause of action asserted in the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the plaintiff's first cause of action is dismissed.

CPLR 3211 (a) (5) provides that a party may move for judgment dismissing one or more causes of action asserted against it on the ground that the cause of action may not be maintained because of the execution of a release. Here, it is uncontroverted that the plaintiff executed a release whereby she agreed to release the defendant "from any and all causes of action, known or unknown, which [she] may have or claim to have against [the defendant] arising from or during [her] employment". The release further provided that it "include[d] but [was] not limited to the claims arising under federal, state or local laws prohibiting employment discrimination or claims growing out of any legal restrictions on [the defendant's] right to terminate its employees".

In an attempt to repudiate the legal effect of the release, the plaintiff claims to have misunderstood its terms. However, one who executes a plain and unambiguous release cannot avoid its effect by merely stating that she misinterpreted its terms (see, Cortino v London Terrace Gardens, 170 AD2d 305; Skluth v United Merchants & Mfrs., 163 AD2d 104; Touloumis v Chalem, 156 AD2d 230, 232). In this case, the record reveals that the plaintiff knowingly and voluntarily entered into the subject release agreement and may not now obviate its terms by conclusorily alleging unilateral mistake. Accordingly, the defendant's motion should have been granted. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.