■ JACQUELINE S. et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) JACQUELINE S. et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. (Action No. 2.) (And a Third-Party Action.) [644 NYS2d 727]

Plaintiffs commenced the first action, sounding in negligence, for damages resulting from an assault upon the infant on the roof of the Housing Authority building in which plaintiffs resided. This Court granted the Housing Authority summary judgment dismissing the first action, in part on the basis of an affidavit by the individual defendant, a Housing Authority employee, indicating that there had been a referendum at which the residents of the subject housing project had voted against self-closing, self-locking devices on the building doors. The Court of Appeals ultimately reversed this determination and reinstated the complaint (*Jacqueline S. v City of New York*, 182 AD2d 514, *revd* 81 NY2d 288). While the appeal from this Court's order was pending, plaintiffs commenced this second action, sounding in fraud, claiming that the affidavit concerning the referendum was false. The two actions were consolidated. The IAS Court granted summary judgment dismissing the complaint, finding that plaintiffs could not show justifiable reliance or damages. Plaintiffs appealed. After this determination was rendered, plaintiffs settled with defendant Housing Authority for $450,000 and executed a general release.

Plaintiffs have shown no reason why the broadly worded release is not applicable to bar the claim asserted against the Housing Authority in Action No. 2 (*see, Cortino v London Terrace Gardens*, 170 AD2d 305, *lv denied* 78 NY2d 853). Thus, the appeal is moot with respect to that defendant (*see, Matter of Two Lincoln Sq. Assocs. v New York City Conciliation & Appeals Bd.*, 75 AD2d 751). With respect to the individual defendant, plaintiffs have not demonstrated that their alleged reliance on the affidavit led to any damages, since the unfavorable Appellate Division decision was itself reversed, and the assertions about the referendum on the original motion ultimately had no adverse consequence. As for the alleged costs of demonstrating that the affidavit about the referendum was false, the very act of setting out to prove the falsity of the affidavit "necessarily negated any claim of reasonable reliance on the alleged misrepresentations" (*Clark v Helmsley Windsor Hotel*, 214 AD2d 365, 366). Since plaintiffs have no valid claim for actual damages, they may not seek punitive damages (*Hubbell v Trans World Life Ins. Co.*, 50 NY2d 899, 901). Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.